SCHMITZ, Respondent, vs. SCHULENBURG and another, Appellants.

*January 6—February 4, 1941.*

For the appellants there was a brief by *Hall, Baker & Hall* of Madison, and oral argument by *Laurence W. Hall.*

*Lucius A. Squire* and *M. M. Morrissey,* both of Madison, for the respondent.

ROSENBERRY, C. J. Upon a conflict of evidence the trial court found that plaintiff's father made a parol gift of the premises to the plaintiff and that thereafter and during his lifetime, Ferdinand Schulenburg declared the property to be the property of the plaintiff. So far as the establishment of the gift is concerned the court construed the evidence strongly in favor of the plaintiff. A careful search of the record discloses no evidence as to the making of this gift in 1904. The evidence as to declarations is confined to a time long after 1904.

Mrs. Gladys Jacobson testified that some ten or twelve years ago she heard the deceased Ferdinand Schulenburg say that the property was Mary's. She heard him make that statement on two occasions.

Henry Schmitz, the husband, testified that around fifteen or twenty years ago he heard Ferdinand Schulenburg say to his wife, "Go on and fix it; it is yours anyhow," and at the same time he said to the witness, "You have got to pay the taxes from now on." He testified:

"I never heard the matter of ownership discussed again between my father-in-law and my wife. I am sure he said in substance, 'This is your property, Mary.'"

Andrew Schmitz, a son of the plaintiff, testified that he heard his grandfather say to his mother: "Mary, this place is yours." That was around ten years ago when the witness was around fifteen years of age. He and his mother and grandmother were the only witnesses present.

Testimony was offered on behalf of the defendants which tended to show that Ferdinand Schulenburg considered himself the owner of the property up to the time of his death. This testimony is supported by the fact that he disposed of the

property by his last will to his son Carl. There is no finding, nor is there any evidence, of the value of the permanent improvements placed upon the property by the plaintiff or her husband. The improvements are described in plaintiff's brief as follows:

"That she and her husband cemented the two porches. That they cemented the cellarway and part of the cellar. That they cemented the barn and fixed the cistern. They put a new roof on the house. They put a new floor in and some kind of a ceiling under the cistern. They put new windows in the house and a new door in the house. They repaired the fences and put new wire in the fences and posts. They built a new blacksmith shop and a chicken coop. They painted the house twice on the outside. They papered and painted the inside two or three times. They cultivated the land. They did not move the fences but took the old posts out and put new ones in. They did all these things and made all these improvements without consulting any other person."

It does not appear when the blacksmith shop was built.

It further appears that the plaintiff or her husband carried insurance on the property in the name of the husband from about the time they went into possession. It also appears that a new roof cost $178 and that plaintiff and her husband bought material of the value of $55 for repairs; that they paid the taxes since 1918, prior to which time they were paid by the father. The tax receipts for 1936, 1937, and 1938 were issued in the name of Ferdinand Schulenburg. However, plaintiff's husband testified that he was sure that the taxes for those years were paid either by himself or by his wife.

It further appears that plaintiff and her husband made the repairs upon the property when and as they chose without first procuring the consent of plaintiff's father. There is no evidence in the case that the father, although a prosperous farmer, ever made any other distribution of his estate among his children except by his will.

By the terms of the father's will the plaintiff was given one dollar, her brother Otto was given one dollar. The will declares:

"It is my intention that this shall be their entire inheritance from my estate."

The question for decision is, Does this evidence establish an enforceable parol gift of real property? In this case it is not necessary for us to go into the history of the law relating to parol gifts of real estate. Since the adoption of the statute of frauds, the general rule has been that title to real estate can be transferred only by a written instrument. On equitable grounds exceptions to this rule have been engrafted upon the law so that parol contracts for the conveyance of real estate will, under certain conditions, be enforced in a court of equity. In this state the exception is recognized by statute (sec. 240.09, Stats.). As pointed out by Pomeroy in his work on Specific Performance (3d ed., § 130, note), a parol gift of real estate will be enforced for exactly the same reasons that a parol contract to convey real estate will be enforced. In each instance the enforcement of the transaction is based upon the same equitable considerations. For a history of the development of this doctrine, see note to *Price v. Lloyd* (1906), 31 Utah, 86, 86 Pac. 767, 8 L. R. A. (N. S.) 870.

The conditions upon which a parol gift or a parol agreement to convey real estate will be enforced may be classified under three heads: (1) The gift must be established by clear, satisfactory, and convincing evidence. 101 A. L. R., note p. 923, subtitle "Gift," p. 985.

In this connection we wish to point out at this time that cases relating to part performance of parol contracts to convey apply to the establishment of parol gifts of real estate. We shall therefore cite cases without calling attention in each instance to whether they are of the one class or the other.

In *Bowen v. Warner* (1845), 1 Pin. 600, it was held that to take a verbal contract for the sale and conveyance of land out of the statute of frauds on the ground of part performance, the existence of the contract as laid in the bill must be made out by clear and satisfactory proof, and the act of part performance must be of the identical contract set up. Loose and unconnected conversations held at various times and with different persons of an uncertain and in some respects contradictory character, will not serve to establish the existence of the contract.

This was followed by *Blanchard v. McDougal* (1858), 6 Wis. *167, 70 Am. Dec. 458. In that case it is said that the proofs must be clear, definite, unambiguous, and unequivocal. By *Marshall & Ilsley Bank v. Schuerbrock* (1928), 195 Wis. 203, 217 N. W. 416. By *Estate of Shinoe* (1933), 212 Wis. 481, 250 N. W. 505.

(2) Ordinarily possession by the donee or the vendee is an indispensable element to part performance. The possession of the donee or the vendee must be referable exclusively to the contract relied upon. See cases already cited.

(3) A parol gift of real estate or promise to convey will be specifically enforced only where there has been such part performance thereof by the donee or acts have been done by him in reliance on the promise which places him in a situation which will result in fraud or prejudice to him unless the promise is performed. See note, 101 A. L. R. p. 985, and cases cited.

While the case of *Kelley v. Crawford* (1901), 112 Wis. 368, 377, 88 N. W. 296, is not cited in the note, it is in point. After discussing the question of whether the evidence in the case was sufficient to sustain the finding of the trial court that the gift was in fact made, the court said:

"Of course, the other requirements of actual and exclusive possession, commencing with the parol gift and continuing

unbroken to the day of trial, *and the making of substantial and valuable improvements in reliance on the gift, within the requirements of the law as stated in Rodman v. Rodman, post,* p. 378, appear fully."

See also *Martin v. Estate of Martin* (1900), 108 Wis. 284, 84 N. W. 439, 81 Am. St. Rep. 895.

It has been held that possession by a son of land belonging to his father does not authorize the inference that the possession is held under a contract of sale or a promise to convey, such possession being entirely consistent with a mere license to occupy the land, rent free, and naturally referable to it. *Hubbard v. Hubbard* (1897), 140 Mo. 300, 41 S. W. 749. See note, 101 A. L. R. p. 992, and cases cited.

In this case a careful search of the record discloses that there is no evidence of the making of a gift in 1904. The only circumstance upon which an inference of that fact can be based is that at the time of her marriage the plaintiff went into possession and has ever since remained in possession. While it is claimed in the complaint that the property was a wedding gift there is no evidence to that effect. As a matter of fact, the evidence is to the effect that the husband paid $25 upon the purchase price but upon what terms does not appear. Such evidence as there is of a gift is referable to a time long after 1904. If the evidence should be held sufficient to sustain a gift made in 1918 or at about that time, there is no evidence of part performance sufficient to take the case out of the statute after that date. The fact that the father disposed of this property by his last will affords a strong inference that he considered it to be his property at the time he made his will and casts substantial doubt upon plaintiff's evidence of the making of the gift. That evidence is at best fragmentary and disconnected. Upon the whole record it does not appear by clear, satisfactory, and convincing evidence that a gift was made in 1904. The fact that for fourteen years thereafter

and perhaps longer, the father paid the taxes upon this property would indicate that he believed he had a substantial interest in it. While of course this is not conclusive, it is under the facts of this case a strong circumstance. Nor does it appear that the plaintiff went into possession relying solely upon the gift.

There is no evidence of the making of permanent improvements of such a character as to bring the case within the rule that to deny enforcement of the contract would operate as a fraud upon the plaintiff.

While it is true that plaintiff's husband erected a blacksmith shop upon the premises for his own use, there is no evidence as to the value of the improvement. Its value must have been largely dependent upon the fact that the premises were occupied by one who was a blacksmith. It is undisputed that the plaintiff and her family occupied these premises from 1904 down to the time of the trial, free of rent. Other so-called improvements clearly come under the head of repairs and were necessary to keep the premises usable and in a habitable condition. In any event, the total cost of the repairs and improvements could not have equaled the rental value of the premises.

It is considered that the evidence in this case does not establish the three conditions which are necessary to entitle the plaintiff to an equitable enforcement of the alleged gift. The gift is not established by clear, satisfactory, and convincing evidence, nor does it appear that the plaintiff went into possession relying solely and exclusively upon the parol gift, nor is the character of the improvements such as to amount to part performance under well-established equitable rules.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to dismiss the complaint.