Cummings, Respondent, vs. Town of Lake Realty Company, imp., Appellant.

*November 7 — November 28, 1893.*  ·

(1) *Pleading: General demurrer by one defendant.  (2, 3) Real estate brokers: Option to buy or sell land: Sale to third person: Action for services.*

1. A general demurrer by one defendant separately should be sustained if the complaint does not state a cause of action as to him.
2. The owner of land gave to one J. the exclusive option of buying or selling it on or before a certain date at a certain price.  J. gave to

C. an option to buy the land on or before said date at a higher price, and agreed to pay him $1,000 if he did so. C. paid J. for said last-mentioned option, and also performed services for J. in procuring purchasers for the land, but the negotiations for the purchase were not completed on the date to which the options were limited, and the land was afterwards sold by the owner directly to said purchasers. *Held,* that C. had no cause of action against the owner of the land, either for the amount which he paid to J. for the option or for his services in procuring the purchasers.

3. Rights under an option to buy or sell land on or before a certain date expire on that date without notice or declaration of forfeiture; and a mere prolongation of the negotiations for a sale until the evening of the last day does not warrant the holder of the option in believing that no forfeiture will be insisted upon.

APPEAL from the Superior Court of *Milwaukee* County.

Action by *L. L. Cummings* against the *Town of Lake Realty Company* and Richard Jefferson to recover $250 paid by the plaintiff to said Jefferson for an option to buy certain land, and for services performed by the plaintiff in procuring a purchaser and negotiating a sale of said land. The substance of the complaint is stated in the opinion. The defendant corporation demurred to the complaint on the ground that it " does not state facts sufficient to constitute a cause of action." The court held that such demurrer was " insufficient, for the reason that it is general and not special." From the order overruling the demurrer the defendant corporation appealed.

For the appellant there was a brief by *Ogden, Hunter & Bottum,* and oral argument by *L. M. Ogden.*

For the respondent there was a brief by *Austin & Hamilton,* and oral argument by *C. H. Hamilton.* They contended, *inter alia,* that as the complaint admittedly states a cause of action as to the defendant Jefferson, a general demurrer will not lie. The defendant corporation should have demurred on the ground that the complaint

·did not state a cause of action *as to it.*    *Willard v. Reas,*
26 Wis. 544.

ORTON, J.   This is an appeal from an order overruling
the demurrer of the corporation defendant alone, on the
ground that the complaint fails to state a cause of action.
The reason given by the court for overruling the demurrer
is "that it is *general,* and not *special.*" ·This is a general
demurrer interposed by the corporation defendant alone,
and it certainly had the right to demur alone.   The other
defendant did not *join* in the demurrer.   We fail to under-
stand the reason given.   *Arzbacher v. Mayer,* 53 Wis. 380.
The question on this appeal is whether the complaint states
a cause of action against the corporation defendant.   The
complaint states substantially the following facts:

The corporation owned certain twenty acres of land in
section 36, township 6, range 22 east, in Milwaukee county,
and on the 14th day of May, 1892, in consideration of $200
paid down, agreed to give Richard Jefferson the exclusive
option of buying or selling, on or before October 1, 1892,
said land, for the sum of $950 per acre; $950 to be paid
October 1, 1892, the said $200 to be deducted; $6,650 to be
paid on October 15, 1892, and $1,500 to be paid October 1,
1893; the balance to be paid within five years from date
of exchange of papers,— with interest at six per cent. per
annum, to be secured by mortgage on said land; the cor-
poration to furnish abstract of title and have the land sur-
veyed.   On the 9th day of July, 1892, Richard Jefferson,
in consideration of $250 paid down, agreed to give *L. L.
Cummings* the exclusive option of buying said land on or
before October 1, 1892, for the sum of $1,100 per acre, to
be paid as follows: $2,450 cash on October 1, 1892; $6,500
cash on October 15, 1892; $1,500 cash on October 1, 1893;
the balance within five years from date of exchange of

papers,— with interest at six per cent. per annum, payable
semi-annually, secured by mortgage on the premises; the
said Jefferson to furnish abstract of title.   By an agree-
ment between the said Jefferson and *Cummings*, on the 3d
day of September, 1892, on consideration of $1, the above
rate per acre and payments were changed as follows:
$1,050 per acre; $1,050 October 1, 1892; $1,500 October
1, 1893; and the balance within five years from date of ex-
change of papers,— with interest on all sums at the rate of
six per cent. per annum, payable semi-annually, and secured
by mortgage on the premises.   Jefferson agrees to give
*Cummings* $1,000.   It is averred, also, that the plaintiff
performed labor and services for the defendant Jefferson,
in procuring Bohman and Kroeger to become the purchas-
ers of said land, of the value of $1,000.

The plaintiff, the officers of the corporation, and the de-
fendant Jefferson met with the proposed purchasers, the
said Bohman and Kroeger, on the 1st day of October, 1892,
and engaged in the negotiations for said sale, and said pro-
posed purchasers attempted to make payment upon the
same; but said agreed negotiations were prolonged until
the evening of that day, and the officers of the corporation,
by taking part in said negotiations, acquiesced in the con-
tinued validity of the contract, and led the plaintiff to be-
lieve, by continuing the negotiations looking to another
meeting of the parties, that no forfeiture would be insisted
upon, and refused to answer the direct question whether
they would insist upon a forfeiture.   The president of the
corporation advised the plaintiff on Saturday, October 1st,
that he would do what he could to continue the option
given to the plaintiff until the next Monday, October 3,
1892; but on said 3d day of October, without notice to the
plaintiff, and without declaring any forfeiture of the con-
tract, the said corporation, with the assent of Jefferson,
sold and conveyed the said land to the said Bohman and

Kroeger, the same persons whom the plaintiff procured to purchase the same, at the same price and on the same terms fixed in said negotiations on October 1, 1892.

The plaintiff demands judgment for the $250 he paid down to said Jefferson, and the $1,000 for his said services.

1. It is perfectly clear that the corporation defendant is not connected in any way with this cause of action. It was the defendant Jefferson who agreed to pay the plaintiff $1,000, and his labor and services in procuring a purchaser were rendered for the said Jefferson. It is not alleged that they were rendered for the corporation, or that the corporation ever employed the plaintiff to perform such services, or agreed to pay him for the same. The $250 was paid by the plaintiff to the said Jefferson, and not to the corporation.

2. The option was not continued until October 3, 1892, and it expired on the 1st day of October, and the negotiations were not concluded or the sale made on that day. The plaintiff alleges only that he was led to believe that no forfeiture would be insisted upon, and he was led so to believe by the prolongation of the negotiations until the evening of October 1, 1892. This was not sufficient ground for such a belief. But this was immaterial. The fact remains that the option was not continued after that evening. The president of the corporation informed the plaintiff that he would do what he could to continue the option until October 3d, but it is not alleged that he ever did anything to that effect. No actual forfeiture of the contract was necessary. It was a mere option, and it expired by its own limitation on October 1, 1892, and it was not continued or renewed. The plaintiff's rights under the contract were at an end, and he cannot, therefore, sue on the same.

3. The option to the plaintiff was to *buy* the land, and not to *sell* it.

The complaint fails to state a cause of action against the

corporation, and the demurrer ought to have been sustained.

*By the Court.*— The order of the superior court is reversed, and the cause remanded with direction to sustain the demurrer.

As to rights conferred by a "refusal" or "option," see note to *Litz v. Goosling,* (Ky.) 21 L. R. A. 127.— REP.