Nelson and others vs. Stephens.

Nelson and others, Appellants, vs. Stephens, Respondent.

*March 1 — June 21, 1900.*

*Option or land contract? Forfeiture: Failure to perform conditions precedent: Waiver: Tender: Sureties: Liability on undertaking.*

1. J., having defaulted under a contract for the purchase from plaintiffs of certain lands, appealed from a judgment of foreclosure under that contract, S. signing the undertaking on appeal as surety. The judgment having been affirmed and an action brought on the undertaking, plaintiffs, J., and S. entered into a stipulation whereby in consideration of $325 then paid by J. and $12,000 to be paid by J.'s wife within thirty days, the said lands were to be conveyed to J.'s wife, the action dismissed, and the surety released. This stipulation was afterwards extended for sixty days by a writing providing, among other things, that the sum it was agreed J.'s wife should pay should draw interest. Neither writing was signed by J.'s wife or any one in her behalf. Except a small payment by J. no payment or tender was made within the time limit. *Held*, that both

writings constituted options to buy at a given price, and not con-
tracts for the sale of lands; that, the conditions prescribed not
having been complied with, the right to pay and demand a deed
did not survive the time limited; and that S.'s liability on his
undertaking was not altered or destroyed by the negotiations be-
tween plaintiffs and J.

2. The fact that plaintiffs, after the expiration of the option, agreed to
accept a tender of the purchase money made by J., provided he also
paid taxes levied on the land and the expenses incident to the op-
tion negotiations, cannot be considered as a recognition of the
binding force of the original option after its expiration.

APPEAL from a judgment of the circuit court for Dane
county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

This action was commenced to recover upon an undertak-
ing given by the defendant upon an appeal to this court
from a judgment in favor of the plaintiffs and against one
W. H. Jacobs. 99 Wis. 547. A jury was waived. This un-
dertaking was conditioned that Jacobs should pay the costs
on the appeal, not exceeding $250, all damages the plaintiffs
might sustain by reason of the stay of proceedings, the value
of the use of the premises pending the appeal, and any de-
ficiency on the sale, not exceeding $2,000. The judgment
was affirmed, the premises sold, and a judgment for defi-
ciency entered for $4,195.58. At the sale the land was bid
off by the plaintiff *Thomas Nelson,* in whose name it was
held for convenience. This action was commenced in Oc-
tober, 1898. The defendant answered, claiming that he had
been released because after the property had been advertised
the sale had been adjourned without his consent. Later in
the action defendant was permitted to amend his answer,
and set up a defense from the litigation of which we glean
the following:

While the action was pending, Jacobs began negotiations
for a purchase of the land, and on December 13, 1898, the
following stipulation, entitled in this action, was entered
into:

"For the purpose of settling and discharging all matters

of difference growing out of the contract described in the complaint in the above-entitled action, together with all other causes of action arising and growing out of the judgment in said action, and the proceedings taken upon the bonds and undertakings given in said action, the following arrangement and stipulation is this day made and entered into by and between *George P. Nelson* and the other parties interested in said judgment, by Bashford, Aylward & Spensley, their attorneys, and William H. Jacobs in person, and *David Stephens*, one of the sureties upon one of said undertakings, by H. W. Chynoweth, his attorney, to wit: The said William H. Jacobs agrees to deposit in the First National Bank, Madison, Dane county, Wisconsin, the sum of $325; and the said *Thomas Nelson*, the owner of said land, is to deposit in said bank a warranty deed, with consideration of $21,000, to Mary E. Jacobs, for the real estate described in the judgment in said action, and conveyed by the sheriff of Dane county to said *Nelson*, in escrow, with instructions to said bank that if, within thirty days from this date, the said Mary E. Jacobs, or some one in her behalf, shall pay to said bank the sum of $12,000, then, and in that case, said deed and said sum of $325 shall be delivered to the said Mary E. Jacobs, or such person as she shall designate, and with the further instruction that in case said sum shall not be paid within said thirty days, that the said sum of $325 shall be forfeited, and that said sum and said deed shall be delivered by said bank to said *Thomas Nelson* or his assigns.

" It is further agreed that all proceedings upon said judgment, in the action against *David Stephens*, surety on the bond signed by him, shall be stayed until the expiration of said thirty days, and that if said sum of $12,000 is paid as aforesaid, that the judgment in the above-entitled action shall be discharged, and all actions against any surety upon any bond given in said action shall be dismissed, without costs to the defendant in said action; it being further agreed and understood that nothing contained in this stipulation

shall be taken and considered as in any way affecting the
rights or liabilities of the said plaintiffs, or of said *David
Stephens*, or of any or either of the sureties upon said bonds
or undertakings, if said sum of $12,000 shall not be paid
as hereinbefore provided.

"Dated December 13, 1898.

"BASHFORD, AYLWARD & SPENSLEY,
"Attorneys for Plaintiffs.
"H. W. CHYNOWETH,
"Attorney for *David Stephens.*
"W. H. JACOBS.

"We consent to the above:
"E. S. BARKER,
"S. M. JACOBS.

"The above stipulation shall apply to S. M. Jacobs and
E. S. Barker, the same as if they were originally included
therein.

"Dated December 14, 1898.

"BASHFORD, AYLWARD & SPENSLEY,
"Attorneys for Plaintiffs."

The money stipulated to be deposited in the First Na-
tional Bank was paid over the same day, and receipted for
by Mr. Van Slyke, president. The deed was deposited in
escrow about the 20th of December. Mrs. Jacobs was un-
able to raise the amount stipulated within the time fixed, so
on January 9, 1899, a supplementary stipulation was entered
into at the request of Mr. Jacobs, as follows:

"In consideration of the sum of $675, this day deposited
in the First National Bank of Madison, Wisconsin, it is
hereby agreed that the time for the performance of the stip-
ulation heretofore entered into on the 13th day of Decem-
ber, 1898, for the settlement of the matter in controversy
between W. H. Jacobs and *Thomas Nelson et al.*, and the
sureties on the bond of the said W. H. Jacobs in said action,
namely, *David Stephens*, S. M. Jacobs, and E. S. Barker, shall

Nelson and others vs. Stephens.

be, and the same hereby is, extended for sixty days; and in consideration of such extension it is agreed that Mary E. Jacobs or her assigns shall, at the expiration of said sixty days, pay the sum of $11,000, with interest thereon at the rate of six per cent. per annum, and on such payment shall be entitled to a conveyance of the lands mentioned in said prior stipulation in fee simple: provided, however, that, in case said sum is not paid upon the said date, that the $1,000 paid into said bank shall be forfeited. This agreement shall in no wise affect the rights or liabilities of any of the sureties on bond or undertaking in suit. Dated Madison, Wis., January 9th, 1899. The interest on $11,000 to be paid for sixty days to date of extension; to be paid in ten days.

"Thomas Nelson,

"By N. B. Van Slyke, Agt.

"E. S. Barker.

"David Stephens,

"By H. W. Chynoweth, his Attorney."

On the same day Mr. Jacobs paid the sum of $675, and which was receipted for as follows:

"Received, January 9, '99, $675, on account of further extension sixty days, as agreed.

"N. B. Van Slyke,

"Agent for *Thomas Nelson*."

On January 13th, Jacobs paid Van Slyke $55 on account of interest. On February 7, 1899, Jacobs paid to R. M. Bashford, one of plaintiffs' attorneys, the further sum of $1,300, to apply on said agreement, with the understanding that such payment should not extend the time for the performance by Jacobs, and with the further verbal understanding that said sum should be forfeited if the balance of the money mentioned in said stipulation was not paid within the time stipulated. Jacobs was unable to secure the remainder of the money within the time limited. On March 17, 1899, *Thomas Nelson*, in whose name the title of the land stood, notified

Mr. Van Slyke, by letter of that date, that he did not want any more dealings with Jacobs, and that as things stood "we should proceed as if Jacobs was not." On March 25th, Jacobs called upon Mr. Van Slyke, and asked how much money was due on the deal, and thereupon the latter wrote on a small slip of paper the figures, which were a calculation of the amount up to March 13th, and added thereto the words, "and six per cent. interest since." He also notified him that he must bring the whole sum in a lump, and that partial payments would not be received. Jacobs made efforts to secure the money, but did not succeed until April 29th, when he deposited the sum of $9,830 in the First National Bank as and for a full discharge of the amount said to be due, which sum the plaintiffs refused to accept. The taxes on the land for 1898 amounted to $108, became a lien thereon on December 20, 1898, and were not paid by plaintiffs until April 10, 1899, and the court finds that they were not then paid for the purpose of complying with the agreement, but with the intention and expectation of exacting the sum from Jacobs in addition to the amount of the purchase price of the land, and that, if the deed had been delivered, it would not have conveyed an unincumbered title.

The court further finds that, at the time the tender was made and deed demanded, the plaintiffs refused the same on the ground that he should pay $383 additional for taxes and counsel fees in the case; that there was a mistake in the stipulation of January 9th, in that the words, "unless carried out," were omitted, and should be inserted at the foot, before the words, "Dated Madison, Wis., January 9, 1899."

As conclusions of law, the court held, in effect, that, by the failure of plaintiffs to pay the taxes, they failed to comply with the contract on their part, and that the deposit of the deed in escrow was not a conveyance in fee simple; that the plaintiffs waived the performance of the contract

on the part of W. H. and Mary Jacobs; that the contract of January 9, 1899, which was an extension and modification of the contract of December 13, 1898, was an open and subsisting contract on April 29, 1899, and W. H. Jacobs was not bound to pay either the taxes or attorney's fees; that the obligation of Jacobs was discharged by the tender of April 29, 1899; that such tender discharged the defendant from all liability upon the undertaking in suit; that the contract of January 9, 1899, should be corrected in the particular hereinbefore named, in order to carry out the clear intention of the parties; that defendant was entitled to a judgment dismissing the complaint. Due exceptions were taken, and a motion for a new trial denied. Judgment was accordingly so entered, and the plaintiffs have appealed.

For the appellants there was a brief by *Bashford, Aylward & Spensley,* and oral argument by *R. M. Bashford* and *W. F. Vilas.*

*H. W. Chynoweth,* for the respondent.

The following opinion was filed March 20, 1900:

BARDEEN, J.    The plaintiffs are entitled to judgment, unless the defendant has been discharged by their dealings with Jacobs.    Under the facts shown, the defendant is entitled to no greater rights than the Jacobses would have had in a direct controversy between them and plaintiffs.    At the outset, therefore, it is important to determine the exact legal status of the parties under the stipulations mentioned.    It is virtually conceded that the stipulation of December 13, 1898, was nothing more than a mere option.    Mrs. Jacobs was not bound by it, because she was not a party to it.    W. H. Jacobs was not bound by it any further than to deposit the sum mentioned with the First National Bank, which was the consideration upon which the option was based.    Without some consideration to support it, the option could have been re-

voked, at will, at any time before acceptance. *Connor v. Renneker*, 25 S. C. 514; *Sutherland v. Parkins*, 75 Ill. 338; *Borst v. Simpson*, 90 Ala. 373.

It is insisted, however, that the instrument of January 9, 1899, was such a modification of the prior one as to rise to the dignity of a land contract, and under it arises the rights of defendant as determined by the trial court. This is the important question in the case. Unless it can be said that these two instruments are something more than a mere option to sell at a given price, it is clear, under the authorities, that the right to pay and demand a deed did not survive the time limited. But before discussing that question we will consider the terms of the paper of January 9th, and its effect upon the prior one. Jacobs had had a prior contract for these lands from the plaintiffs, and had defaulted. It was in the action to foreclose that contract the undertaking in suit was given. The first stipulation indicates that the plaintiffs studiously avoided wording it so as to give Jacobs anything more than an option which would drop by its own weight at the expiration of the time limited. The first clause of the second instrument simply extends the option to purchase for sixty days, and is based upon the consideration of the deposit in the bank of $675 as earnest money. The second clause says: "And, in consideration of such extension, it is agreed that Mary E. Jacobs or her assigns shall, at the expiration of said sixty days, pay the sum of $11,000, with interest thereon at the rate of six per cent. per annum, and on such payment shall be entitled to a conveyance of the land mentioned in said prior stipulation in fee simple; provided, however, that in case said sum is not paid upon said date, that the $1,000 paid into said bank shall be forfeited."

There is not a word in this writing which changes the duty or increases the obligations of plaintiffs, except that the title to the land shall be conveyed in fee simple. The

signatures to this paper are significant. It is not signed by the plaintiffs' attorneys. It is simply signed by the plaintiff *Thomas Nelson*, by his agent, N. B. Van Slyke. It is not signed by Mrs. Jacobs, or by any one in her behalf. The copy kept by the plaintiffs was not even signed by Mr. Jacobs, but it appears that the one kept by defendant's attorney was so signed by him. No one enters into any engagement on behalf of Mrs. Jacobs. There is no claim that it was ever delivered to her, or to any one for her. Neither is there any showing or finding as to the possession of the premises. It does not appear that Mrs. Jacobs had any separate estate, or any interest in the property, except such as was sought to be created by the negotiations then in progress. Neither does it appear that W. H. Jacobs was her agent, or had any authority to bind her or her property, if she had any. Suppose the situation were reversed, and plaintiffs were seeking to enforce the contract on their part; we imagine they would find it very difficult to find anything in the findings or the record to support a claim that Mrs. Jacobs was bound by these writings, or that any one else was bound in her behalf. The signatures of Barker and defendant were put there for the evident purpose of avoiding any complications that might arise as to their obligations as sureties. As already noted, it was the purpose of the first stipulation to give Jacobs a mere option on the land, to be exercised within a given time. Evidently, plaintiffs did not desire to put themselves in a position to have to foreclose against him again. In view of the fact that it does not appear from the second paper that any one of the signers undertook to do anything for or on behalf of Mrs. Jacobs, or undertook or agreed themselves to pay any portion of the purchase price of the land, we are unable to discover any of the elements of a contract to convey land beyond that of a simple option, which terminated at the expiration of the time limited. The payments made were to be no part of the pur-

Nelson and others vs. Stephens.

chase price, except upon the condition precedent that the remainder should be paid within the time specified. That the payment of the money at the time prescribed was a condition precedent is too clear for argument. A simple reading of the papers demonstrates the fact.

The law relative to this state of fact is so well stated in *Donnelly v. Eastes*, 94 Wis. 390, that we need not do more than refer to the case. One cannot secure relief from the failure to perform conditions precedent, even in equity, unless it is evident that the stipulation as to forfeiture is in the nature of *security*. *Gates v. Parmly*, 93 Wis. 294. No such considerations are here presented. No interest was secured in the land by the payments stipulated, and none was to pass except upon the conditions stated. Those conditions never having been fulfilled, neither the Jacobses nor the defendant are in a position to secure relief as a matter of right. In *Cummings v. Town of Lake R. Co.* 86 Wis. 382, it is said that rights under an option to buy land on or before a certain date expire on that date without notice or declaration of forfeiture. In *Richardson v. Hardwick*, 106 U. S. 252, we find it stated that where one has, by a contract, the privilege or option of buying an interest in lands by paying a certain sum within a limited time, the contract itself does not vest him with any interest or estate in the lands, and by his failure to pay the money, or any part of it, within the time limited, the privilege accorded him by the contract is at an end, and his rights under it cease. See the following cases to the same effect: *Bostwick v. Hess*, 80 Ill. 138; *Bashor v. Cady*, 2 Ind. 582; *Steele v. Bond*, 32 Minn. 14; *Bohn Mfg. Co. v. Lewis*, 45 Minn. 164; *McManus v. D., C. & N. R. Co.* 51 Minn. 30; *Lord Ranelagh v. Melton*, 10 Jur. (N. S.), 1141; *Brooke v. Garrod*, 3 Kay & J. 608.

In speaking of options to purchase, 1 Warvelle, Vendors, 187, says: "It is not a contract of sale, within any definition of the term, and, at best, but gives to the option holder

a right to purchase upon the terms and conditions, if any, specified in the agreement or proposal. The right, to be made available, must be exercised at or within the time specified in the agreement, and the conditions precedent, if any are annexed, must be faithfully and punctually performed. A partial performance of some of the stipulations which it is intended shall form a portion of the future contract of sale, while they may indicate an intention to make the purchase, does not confer any additional rights upon the prospective purchaser, where the conditions upon which the option and right of purchase depend have not been complied with, and the noncompliance with such conditions is a sufficient ground for a denial of any claim of right in the land under the agreement."

And writing of the right to recover money paid, the same authority (vol. 2, p. 831) says: " And when it is not a question of penalty or forfeiture, but only a privilege conferred upon payment of money at a stated period, the privilege is lost if the money is not paid, and the court will not restore it to the party."

Relying upon the authorities cited, we conclude that, construing both writings with the greatest liberality, they amounted to nothing more than an option to buy upon the terms stipulated, and, the conditions prescribed not having been complied with within the time limited, neither the Jacobses nor the defendant can obtain any relief therefrom. The payment of money ($1,300) on February 7, 1899, did not in any way change the rights of the parties. It was expressly stated that it was received subject to the terms and conditions of the agreement. That it may be retained by plaintiffs as a forfeiture is doubtful. There was no consideration for its payment, except in fulfillment of the original agreement, and to retain it as a further forfeiture under it would be taking money without any consideration passing to the payer or any disadvantage to the payee.

After the time limited by the agreements had expired,

and before Mr. Jacobs had held any communication with Mr. Van Slyke, *Nelson's* agent, *Nelson* notified the agent, in effect, not to have anything more to do with Jacobs, and that he considered the deal closed. This was virtually annulling his authority to further deal with Jacobs. Van Slyke was a special agent, and his authority must be strictly pursued, or his principal is not bound. *Dodge v. Hopkins*, 14 Wis. 630. His authority to deal with Jacobs having been revoked, the giving of the slip of paper to Jacobs containing a computation of the amount due on the land would not bind plaintiffs as a waiver, unless ratified by them. But, even if he possessed plenary authority in the matter, it is doubtful if a waiver could be predicated upon so trivial a circumstance. In the letter from *Nelson* to Van Slyke, referred to, the former had signified his willingness to negotiate to convey, if Jacobs could secure some one who would take up the deal in his own name and on his own responsibility; but it was expressly stipulated that, in case that was done, the purchaser must pay all losses and expenses incurred. Both Jacobs and defendant had been notified of the principal's instructions, and the giving of the memorandum mentioned is perfectly consistent with the attempt of Jacobs to secure a purchaser. The fact that, when the tender on behalf of Mrs. Jacobs was eventually made, the plaintiffs insisted upon the payment of taxes and expenses before the deed would be delivered, cannot be considered as a recognition of the binding force of the original option after its expiration. Jacobs was at all times the moving spirit. Either through misfortune or perversity, he had failed to comply with any of the stipulations in a timely manner. The plaintiffs had a right to stand upon the letter of their contract, and a willingness to convey upon payment of the additional costs and expenses cannot be said to be waiver or resurrection of the right that had been lapsed. The principles sought to be invoked by defendant's counsel as to relief from forfeitures apply to land contracts pure and simple, and can

have no application to a mere option to purchase. The error made in the court below was in treating the transaction on the former basis.   As we view it, the payment of the money due for the land was a condition precedent to the vesting of any interest or title therein, and, not having been done within the time limited, the contract ended, and has never been revived.   As stated in *Donnelly v. Eastes*, 94 Wis. 390: "This appears to be a harsh doctrine, when viewed apart. from the reasons for it.   Courts give effect to contracts according to the intention of the parties,— do not make them. They cannot substitute a new contract for the one the parties see fit to make, because nonperformance on the part of one of the parties thereto becomes difficult, or the consequences of such nonperformance onerous.   If one agrees that full performance of all obligations on his part shall be requisite to the enjoyment by him of any benefit under the contract, he is presumed to know the legal effect of assuming such obligation, to have done it for a consideration, and must abide the consequences of it, and not expect, by the aid of a court of equity, to shift the burden onto others which he has voluntarily agreed to bear himself."

It follows, from the conclusions suggested, that the judgment entered cannot stand.

There being no dispute in regard to the facts upon which the plaintiffs' cause of action is based, the judgment of the circuit court will be reversed, and the cause remanded with directions to enter judgment for the plaintiffs for the amount demanded in the complaint.

*By the Court.*— So ordered.

A motion for rehearing was submitted for the respondent on the brief of *H. W. Chynoweth*, attorney, and *James G. Flanders*, of counsel, and for the appellants on that of *Bashford, Aylward & Spensley*, attorneys, and *W. F. Vilas*, of counsel.

The motion was denied June 21, 1900.