PETERSON, Respondent, vs. CHASE, Appellant.

*September 3 — September 23, 1902.*

*Sale of land: Agreement to reconvey: Consideration: Mutuality: Specific performance.*

1. Plaintiff sold and conveyed to defendant certain land, with a sawmill, etc., thereon, for a sum of money and an agreement by defendant that, if he should cease to use the land for sawmill purposes and should conclude to sell it, he would reconvey to plaintiff for $200. *Held* that, although plaintiff did not then agree to repurchase the land, defendant's agreement to resell was based on sufficient consideration and was not void for want of mutuality.

2. Although when defendant concluded to sell the land, ten years later, it was worth $300 instead of $200, and he had erected additional structures thereon worth about $1,200, it was not an abuse of discretion to enforce specific performance of his agreement to reconvey, allowing him, in accordance with an offer by plaintiff, to remove said structures or to receive $400 therefor in addition to the price of the land.

APPEAL from a judgment of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

In and prior to the year 1891, the plaintiff was the owner of a considerable tract of land in Douglas county, Wisconsin. Upon a certain ten acres thereof adjoining the line of the Northern Pacific Railroad, plaintiff, together with Henry Oberg, as copartners, owned a sawmill and blacksmith shop, lumber yard, lumber, and tools. In December, 1891, the plaintiff sold said ten acres, and he and Oberg sold the various structures and personal property thereon, above described, to the defendant, for the sum of $2,000 in money and an agreement by defendant to reconvey said land to the plaintiff for the sum of $200 when said defendant should cease to use the same for sawmill purposes and should conclude to sell the same, the plaintiff not agreeing to purchase. In pursuance of that agreement the real estate was deeded to defendant by the plaintiff and wife, and the other property was conveyed by bill of sale by *Peterson* and Oberg. In July, 1900, the defendant concluded to sell the said premises, and offered them for sale to others, but did not make any offer in accordance with said agreement to sell them to the plaintiff at $200. On or about September 7, 1900, the plaintiff tendered to defendant the sum of $200, and demanded a deed of the said ten acres, which the defendant refused to make. This action was brought to compel specific performance of the agreement to reconvey for $200.

It appeared and was found by the trial court that said real estate was of the value of $200 in 1891, when conveyed to the defendant, but was worth $300 at the time of the trial; also that the defendant, about one year after his purchase, erected divers structures upon the land of the value of $1,200, which still remained there. The plaintiff made and filed in court a written offer to allow the defendant to elect whether he would remove those structures from the land, or would receive therefor the sum of $400, in addition to the $200, as price of the

land. He filed an election to accept the $400 in money rather than the privilege of removing the structures. Thereupon the court adjudged the plaintiff entitled to conveyance in fee simple of the ten acres, with the structures thereon, upon payment of $600, with provision in the judgment that, in the event of defendant's inability to procure his wife's signature to conveyance, deduction should be made, according to Rule XXXII of Circuit Court Rules, for the value of her interest, and that, in the event of refusal by defendant to convey a complete title, plaintiff should have the option to have his damages ascertained by reference and recover the same; from which judgment the defendant brings this appeal.

For the appellant the cause was submitted on the brief of *D. E. Roberts.*

*George B. Hudnall,* for the respondent.

Dodge, J. The principal objection urged by appellant is that the contract was not mutual and will therefore not be specifically enforced. To this conclusion, as a general rule, many authorities can be cited, but the exceptions or apparent exceptions to it are so numerous, and so important, that the decided cases illustrating them now constitute an almost equal volume of authority. Among those exceptions are optional agreements to sell land at specified price and terms within a fixed time, especially if supported by a good and executed consideration. Upon fundamental principles there seems to be no difficulty in supporting the validity of such agreements. In their ultimate analysis they are but offers to sell, and, if accepted before withdrawal, become binding, because thereupon the other party becomes bound, and a complete contract arises, entirely mutual. Nor, on principle, is there any reason why the seller, for a good consideration, may not bind himself that the offer shall not be withdrawn before a specified date. A so-called time option to purchase con-

tains only the above elements, namely, an offer to sell, accompanied by agreement to hold such offer open. Beach, Mod. Cont. § 886 *et seq.;* Waterman, Spec. Perf. § 200; *Willard v. Tayloe,* 8 Wall. 557; *Brown v. Slee,* 103 U. S. 828; *Guyer v. Warren,* 175 Ill. 328, 51 N. E. 580; *Cheney v. Cook,* 7 Wis. 413; *Wall v. M., St. P. & S. S. M. R. Co.* 86 Wis. 48, 56 N. W. 367. In this case an abundant consideration appears for defendant's promise to sell to plaintiff for $200 whenever he concluded to sell at all in the fact that thereby he secured conveyance to himself of the property in question; a consideration wholly executed by plaintiff on the faith of defendant's contract, and which cannot be recalled, nor measured in money, so as to be compensable in damages. In the light of both principle and authority we must hold that the agreement of defendant was a binding one, and that upon its acceptance by plaintiff it became a mutual contract, which ought to be specifically enforced, unless some other considerations should lead the judicial discretion otherwise.

No such considerations are suggested, save that the land is now worth $300, instead of $200, as when the contract was made, and that defendant has placed thereon structures of the value of some $1,200. After duly weighing these, however, the trial court, in its discretion, has deemed them insufficient to overcome plaintiff's equities. In reviewing that decision we can only consider whether an abuse of discretion appears, not whether originally we should have decided in the same manner. We cannot say that any such abuse is apparent. The equities in favor of plaintiff are obvious and cogent. It may well be that the loss of this particular ten acres of land from his entire tract may be seriously detrimental, and that, while the maintenance of sawmill thereon might compensate, its application to agricultural or other uses might be most damaging. On the other hand, the relatively slight appreciation of the value from $200 to $300 in ten years cannot be more than the parties anticipated when the contract was made in 1891,

Roter v. Superior, 115 Wis. 243.

and the erection of the additional buildings thereon was defendant's own act, done in view of his duty to reconvey, and which plaintiff could not prevent. Besides this, the judgment in practical effect allows defendant to remove all such structures by awarding him, upon his election, the sum of $400 in lieu of such privilege.

*By the Court.*—Judgment affirmed.