MUELLER, Respondent, vs. NORTMANN, Administrator, and others, Appellants.

*December 19, 1902—February 3, 1903.*

*Option contracts: Vendor and purchaser of land: Specific performance: Equity: Acceptance of option after death of vendor: Agency: Revocation.*

1. A mere option does not ripen into a contract and become a binding obligation upon the grantor unless accepted by the holder within the time limited therein, and according to its terms, but the rights of the parties thereunder expire on the date limited without notice, or declaration of forfeiture.
2. K., defendant's intestate, for valuable consideration, gave plaintiff written option to purchase certain lands, which provided, among other things, that, in case plaintiff elected to make the purchase, he was to pay a certain sum to M., at a designated place, within four weeks from the date of the option, and that thereupon K. would deliver a deed of the premises to plaintiff. Within the life of the option, but after the death of K., plaintiff made a tender of the required amount at the place designated. Plaintiff brought action for specific performance. *Held*, that K. could not have withdrawn the option in his life time, and that the death of K. did not revoke the right of plaintiff to make his election within the time limited, nor did it revoke the authority of the person in charge of the place designated to accept the sum tendered.
3. In such case, the plaintiff, having done everything that the option required him to do, is entitled to specific performance of his contract against the decedent's heirs.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

On December 3, 1901, one Fred J. Klein gave the plaintiff, in consideration of $25 to him paid, an option in writing to purchase certain described property in the city of Milwaukee, which option contained the following clause:

"In case said *J. F. Mueller* elects to purchase said land under this option, he is to pay at the office of Theo. Mueller, in Milwaukee, Wis., within four weeks from date thereof, forty-nine hundred and seventy-five dollars, when a warranty deed of said land shall be delivered, conveying said land free and clear of all incumbrances, and a complete abstract of title shall be furnished."

Said option was duly recorded. On December 9th thereafter, Klein died intestate. Within the period above limited, and on December 31, 1901, the plaintiff elected to purchase said land, and tendered at the office of said Theo. Mueller the sum mentioned in the option; but said Mueller refused to accept the same, giving as his reasons therefor that Klein was dead. February 10, 1902, the defendant *C. J. Nortmann* was duly appointed administrator of Klein's estate. The other defendants are children and heirs at law of Klein. The plaintiff brings this action to enforce specific performance of said option contract. The court found the facts as above stated, and that all the allegations of the complaint were true and proven, and that plaintiff had duly performed the contract on his part. The defendants filed due exceptions, and from a judgment entered for plaintiff, bring this appeal.

For the appellants there were briefs by *Markham & Hamilton,* attorneys, and a separate brief by *Fred C. Ellis,* guardian *ad litem,* and oral argument by *T. Hamilton.*

For the respondent there was a brief by *Nath. Pereles & Sons,* attorneys, and *G. D. Goff,* of counsel, and oral argument by *Mr. Goff.*

BARDEEN, J.   It is wholly unnecessary in this case to discuss the law of so-called "option contracts."   Both parties substantially agree that a mere option does not ripen into a contract, and become a binding obligation upon the grantor, unless accepted by the holder within the time limited therein, and according to its terms (*Cheney v. Cook,* 7 Wis. 413; *Atlee v. Bartholomew,* 69 Wis. 43, 33 N. W. 110), and that rights under such an option expire on the date limited, without notice or declaration of forfeiture (*Cummings v. Town of Lake Realty Co.* 86 Wis. 382, 57 N. W. 43; *Nelson v. Stephens,* 107 Wis. 136–145, 82 N. W. 163).   While the option may be but an offer to sell, yet if the seller, for a good consideration, agrees that he will not withdraw his offer until a specified time, he is bound.   *Peterson v. Chase,* 115 Wis. 239, 91 N. W. 687, and cases cited.   In the case at bar the seller agreed, upon a valuable consideration, that the offer should remain open for four weeks.   Within that period the plaintiff did everything that the written option required him to do. He went to the office designated, and tendered the sum specified, as his election to complete his option.   That tender was to the very person designated in the option, at whose office the money was to be paid.   The payment of the money at the place stated was the only condition imposed upon the purchaser. But the appellants argue that the death of Mr. Klein revoked the authority of any one at Mr. Mueller's office to accept the money, on the ground that death revokes all agencies.   If the contract was one the intestate could not have revoked in his lifetime, then his heirs or legal representatives have no greater right. *Raesser v. Nat. Ex. Bank,* 112 Wis. 591, 88 N. W. 618.   His death did not invoke the right of the buyer to make his election within the time limited.   The tender at the place designated was all that the option required of him. When he asked the court to enforce the contract, he made his tender good by offering to pay, and the relief granted him was on condition that he pay the amount agreed.   The ap-

pellants argue that plaintiff should have had a special administrator appointed, to whom tender and notice could have been given.    Even admitting this would have been proper, have they suffered or lost anything by such failure?    Have their rights been prejudiced in any degree by reason thereof? Certainly not.    The suggestion that it would be a great hardship for the parties interested in the estate "to hunt throughout Christendom to learn that the option had not been accepted by the grantee" is worthy of but slight consideration. An inquiry at the office where the money was to have been paid would have saved the "hunt throughout Christendom," and relieved the parties of their imaginary woes.    Our conclusion is that the so-called option was one which Klein could not have withdrawn in his lifetime, and that its terms remained open to plaintiff's election up to the expiration of the date mentioned therein.    The plaintiff's tender of the money at the office of Theo. Mueller was a sufficient election of his intention to purchase, and that no valid objection is shown by the record why the contract should not be specifically enforced.

The judgment appears to have properly preserved the rights of the appellants, and should therefore be affirmed.

*By the Court.*—So ordered.