ANDERSON and wife, Appellants, vs. RIEGEL and others, Respondents.

*October 11—November 9, 1938.*

204

For the appellants there was a brief by *Howard B. Blanding* of St. Croix Falls, and *Powell & Sprowls* of Superior, and oral argument by *John S. Sprowls*.

For the respondents the cause was submitted on the brief of *Nelton & McGinnis* of Balsam Lake.

MARTIN, J. Appellants make the following assignments of error.

(1) The court erred in its conclusion of law that the restrictive covenant in the trustees' deeds to Harry D. Baker and Hugh P. Baker of lots 9 and 10, requiring notice of the proposed sale of property and giving the heirs of J. S. Baker, deceased, the option to purchase the same, is valid:

(a) Because said restrictive covenant is repugnant to the grant of the fee-simple title to said lots as contained in said deeds;

(b) Because the said restrictive covenant is invalid for the reason that the trustees had no authority to impose such restriction upon the transfer of said lots under the terms of the will of J. S. Baker, deceased, the original owner thereof;

(c) Because the said conditions contained in said restrictive covenant were satisfied by, first, a release of all rights thereunder by all the heirs of J. S. Baker, deceased, except the respondents above named, and, second, by the giving of notice by Harry D. Baker and Hugh P. Baker to the respondents, Florence B. Riegel and Joseph S. Baker, Jr., the only heirs who did not join in said release, which notice was given prior to the sale of said lots to the plaintiffs and was given in strict compliance with the terms of said restriction.

(2) The court erred in finding that the defendants, Florence B. Riegel, Joseph S. Baker, Jr., and Emily Baker, his wife, are entitled to judgment dismissing the plaintiffs' complaint as to said defendants and awarding costs to them.

The appeal herein is from that portion of the judgment which held valid the provision as to the ninety-day notice and option contained in the deeds from the trustees to Harry D. Baker and Hugh P. Baker, and dismissing plaintiffs' complaint on the merits as to the defendants, Florence B. Riegel, Joseph S. Baker, Jr., and Emily Baker, his wife. As to this option provision the learned trial judge said:

"The troublesome question is as to the validity of the option provision. I have given this question much consideration. While I have some doubt about it, I think the option provision is valid, *and applies to successive conveyances of the property as long as any of the heirs own any of the lots.* Of course the operation of the option provision is now limited to the answering defendants in this case, because all the other heirs have executed a release.

"If this were a straight option provision giving to each of the heirs of J. S. Baker, or each of the devisees under the will, the right to purchase so long as any of them owned any of the lots of the subdivision it might be void as a restriction on alienation. The heirs of J. S. Baker were all in being at the time the trustees' deed was made, but there were more than two of them, and at the time the trustees' deed was made the statute, sec. 230.15, provided that the absolute power of alienation shall not be suspended by any limitation or condition whatever for a longer period than during the continuance of two lives in being at the creation of the estate, and twenty-one years thereafter. However, in this case the option provision is such that a sale of the premises is not prohibited or suspended for more than ninety days. The owner is free at any time to make a bargain to sell, and if, after notice of such intended sale is given, the heirs do not purchase for the agreed price, the owner may sell to anyone. I think that does not constitute a prohibited suspension of the power of alienation.

"The question as to what the result would be if the present owners should attempt to convey the premises without recognizing the option agreement is not before the court, and I do not wish to pass on it in any way in this case. If,

in the future, .the option agreement should be violated by a sale of the premises without notice, the question might then come before the court as to whether the heirs, who are the answering defendants in this case, would be entitled to enforce specific performance, or whether they should be relegated to an action for damages, if they had any. This question would have to be determined on equitable principles, and it should not be determined in this case."

The appellants, among other requests as to conclusions of law, requested that the court find that the notice given by Harry D. Baker and Hugh P. Baker to the defendants Florence B. Riegel and Joseph S. Baker, Jr., prior to the sale of the two lots in question, was given in strict compliance with the terms of said restriction, and constituted a compliance with said restrictive covenant, and the restriction contained in the deeds to said Harry D. Baker and Hugh P. Baker of said lots was thereby satisfied and terminated and does not apply to successive conveyances of said lots. This request was denied. Upon the findings made and the stipulated facts, the requested conclusion of law should have been made and judgment entered in favor of the appellants in accord with the prayer of the complaint. The so-called restriction now being considered is a mere option to repurchase. It has the same force and effect in the deed as it would have if contained in a separate instrument and given for a sufficient consideration. The court held, and we think rightfully so, that the option clause was not repugnant to the grant in said deeds of a fee-simple estate; also found that the heirs of J. S. Baker, other than the respondents Florence B. Riegel and Joseph S. Baker, Jr., released any and all claims to the lots in question arising out of the option provision in said deeds, and further found that the required ninety-day notice in writing had been given to said respondents; that such notice in writing was received by them; that they did not exer-

cise the option to repurchase within the ninety days, and thereafter, on or about April 1, 1936, Harry D. Baker and wife and Hugh P. Baker and wife conveyed said lots to the appellants. The option in question was valid. See *Peterson v. Chase,* 115 Wis. 239, 91 N. W. 687; *Mueller v. Nortmann,* 116 Wis. 468, 93 N. W. 538, and cases cited. The rights under such an option expire on the date limited, without notice or declaration of forfeiture. *Cummings v. Town of Lake Realty Co.* 86 Wis. 382, 57 N. W. 43; *Nelson v. Stephens,* 107 Wis. 136, 145, 82 N. W. 163; *Mueller v. Nortmann, supra.* To the same effect, see 3 Williston, Contracts (Rev. ed.), p. 2389, § 853; 5 Thompson, Real Property, p. 397, § 4287k.

All of the heirs of J. S. Baker, deceased, except respondents having released any and all rights they might have under the option to repurchase, and the respondents having failed to exercise any rights they might have within the ninety days after receipt of written notice, the option clause has terminated. It follows that the portion of the judgment appealed from must be reversed.

*By the Court.*—That portion of the judgment appealed from is reversed, and record remanded with directions to enter judgment in accordance with this opinion.