FLEISCHMAN, Respondent, vs. ZIMMERMANN, Appellant.

*December 4, 1950—January 9, 1951.*

196

*Walter A. Graunke* of Wausau, for the appellant.

For the respondent there was a brief by *Genrich & Terwilliger,* attorneys, and *Emil A. Wakeen* and *Walter H. Piehler* of counsel, all of Wausau, and oral argument by *Herbert Terwilliger.*

BROADFOOT, J.   The principal contention of the appellant is that the option is invalid: (1) Because appellant's wife, who had an interest as joint tenant in said property, did not sign the same and did not authorize her husband to sign it in her behalf; (2) because the instrument is indefinite as to time; and (3) because there was no consideration for the option.

We do not agree with this contention. The appellant's wife is not a party to this action. No claim is made that she is liable to the respondent for failing to convey the property in question, nor is any claim made that the appellant acted as

agent for his wife. This is not an action to enforce specific performance of the agreement. The option was given by the appellant alone, and he was competent to enter into the agreement. A vendor who agrees to convey property that he does not own assumes the risk of acquiring the title and making the conveyance or responding in damages to the purchaser. *Arentsen v. Moreland,* 122 Wis. 167, 183, 99 N. W. 790. The opinion in that case quotes from a Pennsylvania case as follows:

" 'It would be attended with the most pernicious consequences if the doctrine should receive the sanction of the court that the refusal of the wife would free the husband from all damages arising from the violation of his covenant.' *Bitner v. Brough,* 11 Pa. St. 127."

In the case of *Peterson v. Chase,* 115 Wis. 239, 91 N. W. 687, plaintiff sold to the defendant ten acres of land upon which were located a sawmill, blacksmith shop, and lumberyard. At that time the defendant agreed to reconvey said land to the plaintiff for the sum of $200 when the defendant ceased to use the same for sawmill purposes and should conclude to sell the same. That agreement was held to be enforceable and the defendant was directed to convey said land to the plaintiff with a provision that in the event of defendant's inability to procure his wife's signature to the conveyance, the plaintiff should have the option to have his damages ascertained and recover the same. In that case the agreement was made in 1891 and the tender of $200 was made and refused in 1900. Thus, that decision is of interest in considering appellant's claim of the invalidity of the option because of indefiniteness as to time. Most options are for a limited time. However, where no time is fixed in the option for its acceptance the law will imply that a reasonable time is intended. 8 Thompson, Real Property (perm. ed.), Vendor and Purchaser, p. 481, sec. 4560; 55 Am. Jur., Vendor and Purchaser, p. 477, sec. 7.

"An option which gives the optionee the first right to purchase whenever the owner of the land desires to sell is not

void for want of a limitation as to the time within which it may be exercised, . . ." 66 C. J., Vendor and Purchaser, p. 493, sec. 15.

This type of option has been upheld by this court in other decisions: *Peterson v. Chase, supra; Barnhart v. Stern,* 182 Wis. 197, 196 N. W. 245; *Anderson v. Riegel,* 229 Wis. 200, 281 N. W. 915; *W. C. Goerke Motor Co. v. Lonergan,* 236 Wis. 544, 295 N. W. 671. The trial court made a specific finding that the notice of election to exercise his option was served within a reasonable time. That finding must be affirmed.

· The trial court further found that there was an adequate consideration for the option. That is apparent from the record and that finding cannot be disturbed.

The appellant also contends that the option is grossly unfair and its enforcement is contrary to good public policy. In support of that contention the appellant again refers to the fact that the property was held in joint tenancy, that his wife did not sign the agreement, that she had not authorized him to sign it, and that a judgment against the appellant would in effect deprive the wife of valuable property rights because a judgment would have to be paid out of other property owned jointly by the appellant and his wife.

From the record it appears that the option was drawn by the appellant and that he had full knowledge of its contents. The agreed price of $4,800 was adequate at the time the option was signed and the appellant and his wife could have prevented any action for damages by retaining the property. They were not forced to sell, and before they did sell appellant received written notice that respondent claimed the right to purchase the property under the agreement. In the face of this the appellant sold the premises to a third party, contrary to the provisions of the option. It cannot be held that it is contrary to public policy to enforce contracts entered into for

a valuable consideration with full knowledge of the contents thereof.

The property was sold by the appellant and his wife for the sum of $7,750. It was stipulated upon the trial that the market value of said property was that amount on June 9, 1946. The court found the damages sustained by the respondent to be the difference between the contract price and the fair market value as stipulated. The appellant challenges the amount of damages found by the court, but cites no other rule for determining the same. The finding as to damages is correct and must be affirmed.

The appellant also contends that the respondent abandoned and forfeited his rights under the option approximately one year after its date. This claim is based upon testimony by the appellant of a conversation with the respondent. The respondent denied the conversation. The trial court found that the respondent did not abandon the contract nor forfeit any rights which he had thereunder. This finding, based upon conflicting testimony, must be affirmed.

The final claim of the appellant is that the court erred in refusing to admit certain testimony consisting of a statement by appellant as follows: "I told him it [the option] was subject to my wife's signature or if she didn't sign it was no good because we are joint tenants." The testimony was offered for the announced purpose of showing that the respondent had notice that the property was held in joint tenancy by appellant and his wife. The appellant now claims that the purpose of the testimony was to show that there was no effective delivery of the option to the respondent. No such claim was made to the trial court. The offer of this testimony was obviously an attempt to vary the terms of the written agreement and the ruling of the trial court was correct.

*By the Court.*—Judgment affirmed.