Currie, J.
 

 The following issues are presented on this appeal:
 

 (1) What effect did the rezoning of the 58-acre tract as a “Local Business District” by the town ordinance, which
 
 *79
 
 became effective March 12, 1957, have upon the options as amended by the extension agreement of May 3, 1956?
 

 (2) Had all three options expired prior to the time that •the plaintiffs served the notice of attempted exercise of option on October 24, 1957?
 

 (3) Are the defendants estopped from claiming that the plaintiffs defaulted in making the payments required under the options as amended by the May 3, 1956, extension ■agreement?
 

 (4) If the foregoing three questions are answered adversely to the plaintiffs, are they entitled to recover the moneys already paid by them to the defendants?
 

 No contention has been advanced that the agreement of May 3, 1956, in itself constituted an election by the plaintiffs to exercise the options. The subsequent conduct of the parties was predicated on the assumption that such agreement of May 3, 1956, was only an extension of the options, and not an exercise of them.
 

 Effect of the Resoning.
 

 The plaintiffs point to the fact that Kohlhardt knew when he signed the extension agreement that the plaintiffs desired to use the premises for a shopping center, and contend that the extension agreement of May 3, 1956, must therefore be construed as extending the time, in which the plaintiffs were to make any required payments of purchase price under the options, until the premises had been rezoned for use as a shopping center. In view of the testimony of Nelson, director of the Waukesha county park and planning commission, it is argued that the rezoning ordinance which became effective March 12, 1957, did not accomplish this result.
 

 The plaintiff Megal was engaged in the business of developing land and, therefore, had considerable experience in zoning matters. He drafted the extension agreement of May 3, 1956, and, when he employed therein the expression
 
 *80
 
 “at the time of the rezoning ... to Local Business,” he must have been satisfied that such rezoning to a local business district did permit use of the premises for a shopping-center. It is elementary that, if a contract is ambiguous, it must be construed most strongly against the party who prepared it.
 
 Ebenreiter v. Freeman
 
 (1956), 274 Wis. 290, 296, 79 N. W. (2d) 649.
 

 We doubt, however, if the above-quoted words of the extension agreement are ambiguous. In order to read into them the meaning contended for by the plaintiffs it would be necessary to reform the instrument. Nowhere in the plaintiffs’ complaint do they set forth a cause of action for reformation. Furthermore, we are satisfied under the wording of the rezoning ordinance, coupled with the testimony given by Fohl, that a shopping center could be erected on the premises as it is now zoned as a “Local Business District.” Nelson in his testimony pointed out no specific provision of the ordinance which would bar such use.
 

 Because such rezoning ordinance did comply with the terms of the extension agreement, certain payments then became due under all three options. With respect to the option covering- the east 20 acres, $24,000 thus became due, and the remaining $25,000 became due March 21, 1957. With respect to the other two options, the payment of a total of $21,000 originally due sixty days after March 21, 1956, was postponed under the extension agreement until the rezoqing had been accomplished, and then became due.
 

 Expiration of the Options.
 

 Ordinarily time is of the essence of an option, and acceptance must be made, and conditions performed, within the time limited by the option. 91 C. J. S., Vendor & Purchaser,
 
 *81
 
 p. 859, sec. 11; 55 Am. Jur., Vendor and Purchaser, p. 509, sec. 40; and 8 Thompson, Real Property (perm, ed.), p. 516, sec. 4573. In accord with such rule, this court declared in
 
 Mueller v. Nortmann
 
 (1903), 116 Wis. 468, 470, 93 N. W. 538, that “a mere option does not ripen into a contract, and become a binding obligation upon the grantor, unless accepted by the holder within the time limited therein, and according to its terms, and that the rights under such an option expire on the date limited, without notice or declaration of forfeiture.” See also
 
 Anderson v. Riegel
 
 (1938), 229 Wis. 200, 208, 281 N. W. 915.
 

 Where an option by its terms is to be exercised upon the happening of an event instead of by a fixed date, the optionee is accorded a reasonable time after the occurrence of such event within which to exercise the option.
 
 Fleischman v. Zimmermann
 
 (1951), 258 Wis. 194, 45 N. W. (2d) 616, and
 
 Caughey v. Ames
 
 (1946), 315 Mich. 643, 24 N. W. (2d) 521. This is the situation in the instant case with respect to the payments to be made by the plaintiffs under the extension agreement of May 3, 1956. The specified event was the rezoning of the premises for local business use. Such event occurred March 12, 1957, and the plaintiffs were entitled to a reasonable time thereafter within which to make the required payments then due under the options as modified by the extension agreement. We have no difficulty in determining that such reasonable time had expired long before the plaintiffs served on October 24, 1957, their notice of election to exercise the option with respect to the east 20 acres. This is so even after taking into account that such reasonable time was extended as a result of the defendants’ part in the negotiations for an extension. Therefore, all three options had already expired prior to the time of the service of such notice.
 

 
 *82
 

 Estoppel.
 

 The plaintiffs advance the further contention that the defendants are estopped by their conduct from claiming an expiration of the options prior to the time that the plaintiffs served on October 24, 1957, their notice of election to exercise the option with respect to the east 20 acres.
 

 Such conduct consists of the fact that the defendants entertained negotiations prior to October 24, 1957, for a further extension of time within which the plaintiffs should make the payments which became due when the rezoning ordinance took effect on March 12, 1957. The record does disclose that on June 11, 1957, defendants’ counsel did submit to plaintiffs’ attorney a counterproposal whereby, if the plaintiffs would then pay $9,000 on the east 20 acres, $8,000 on the middle 20 acres, and $13,000 on the west 18 acres, the time for payment of the remaining $40,000 on the east 20 acres would be postponed until October 1, 1957. The plaintiffs did not accept such counterproposal.
 

 We fail to perceive that such conduct of the defendants constituted an estoppel. Its only effect was to keep open the time within which the plaintiffs could make the payments that had fallen due. The plaintiffs would be entitled to a reasonable time after submission of such counterproposal within which to accept the same. After expiration thereof, or rejection of the counterproposal, the status of the plaintiffs with respect to the options reverted to what it was before such counteroffer was submitted. There was no duty on the part of the defendants to declare a forfeiture as a condition precedent to the options expiring.
 
 Mueller v. Nortmann, supra,
 
 and
 
 Anderson v. Riegel, supra.
 

 There is a further reason why the plaintiffs are not entitled to prevail with respect to their argument grounded on estoppel. Ordinarily a party must plead the facts giving rise to the estoppel in order to raise such issue.
 
 Karlen v. Trickel
 
 
 *83
 
 (1926), 189 Wis. 148, 153, 207 N. W. 273. This the complaint of the plaintiffs and their reply to the counterclaim did not do.
 

 Return of Plaintiffs’ Payments.
 

 The plaintiffs maintain that, even if all of the foregoing contentions are decided adversely to them, they are entitled to the return of the $5,000 paid to the defendants for the options together with the monthly interest payments paid from May, 1956, through March, 1957. In this connection they contend that it was error for the trial court to have excluded offered evidence that the value of the 58 acres had increased subsequent to entering into the options in March, 1956.
 

 The claimed right to return of the moneys paid is grounded on unjust enrichment. As authority for such position, the plaintiffs cite
 
 Schwartz v. Syver
 
 (1953), 264 Wis. 526, 59 N. W. (2d) 489. However, the distinction between that case and this one is that in the
 
 Schwarts Case
 
 we were dealing with a contract for sale of realty and here we have options. It is stated in 8 Thompson, Real Property (perm, ed.), p. 505, sec. 4569:
 

 “An option is not an actual or existing contract, . . . The option is not a sale. It is not even an agreement for a sale. . . . It is a continuing offer to sell which may or may not, within the time specified at the election of the optionee, be accepted.
 
 The onmer parts with the right to sell to another for such time and gives to the optionee the exclusive privilege to buy on the terms set forth in the option.”
 
 (Emphasis supplied.)
 

 In cases of an unexercised option there is no forfeiture in the sense that exists with respect to a contract for the sale of realty. The optionee merely pays a consideration for the optionor’s not revoking his offer to sell and selling to
 
 *84
 
 another during the option period. If the optionee lets the option period expire without exercising the option, he nevertheless has had the benefit of the consideration that he paid for the option. Because this is so, there is no reason of policy why he should receive a refund of the money paid for the option. It is merely a fortuitous circumstance that the value of the optioned premises may have increased during the option period instead of having declined.
 

 By the Court.
 
 — Judgment affirmed.
 

 Hallows, J., took no part.