## DYE vs. MONTAGUE.

### APPEAL FROM CIRCUIT COURT, WALWORTH COUNTY.

Heard October 20, 1859.]              [Decided December 14, 1859.

*Contract for Land—Vendor and Vendee.*

Where M. entered into a contract with D. to make a deed of certain land within one year; and on the third day after the year expired, he made such deed and delivered it to D.; held that M. was not in default for not making the deed before that day. A vendor of real estate, who has covenanted to convey by a day certain, is not in default until the party who is to receive the conveyance, being entitled thereto has demanded it, and waited a reasonable time.

This action was brought by Enoch P. Dye against Obed Montague, to recover damages for the breach of a written contract for the conveyance of land from Montague to Dye. The contract acknowledged the receipt of the consideration of $400, for which Montague bound himself to make a deed free and clear of all incumbrances, in one year from the date, of 40 acres of land in the state of Iowa; and bound himself under a penalty of $400 if he failed to make the deed. The complaint averred a breach, and demanded the $400, &c. The answer alleged that he had made a good and sufficient

deed and delivered it; and that Dye had since the making the deed offered to sell the land, and exercised acts of owner-ship over it.

On the trial of the cause, Dye was examined as a witness, and testified:

That on the 30th day of August, A. D., 1858, a gentleman rode up to the plaintiff's house and said to plaintiff that he had brought those deeds to him that Montague and another man were to deliver to him on certain contracts—the witness replied that he should not take them unless he was obliged to by the contracts, and he believed he was not. He then threw down the deeds upon the floor and turned and went away. He did not take the deeds into his hands. He does not know who picked up the deeds from the floor. Did have deeds in his hands the next day. Witness and son went to Whitewater next day, and took the deeds along to compare them with the contract. Cannot tell where the deeds have been kept all the time. The deeds were laid away by some of my family. At the time the deeds were tendered him, thought the time in which they were to be delivered had ex-pired, was not sure, but thought so. Did examine and com-pare the deeds the next day, with the contracts which were in the hands of Mr. Murphy of Whitewater.

After he had examined the contracts in Whitewater the next day, and compared them with the deeds, he called upon the defendant in presence of witnesses, and demanded the money on the contract. He told the defendant that he had failed to fulfill his contract, and that the plaintiff demanded the money on it. Never have demanded deed of the defen-dent, and never have returned or offered to return the deed to the defendant, after it was left at witness' house on the 30th day of August, 1858.

The defendant then moved the circuit judge that the plain-tiff be nonsuited. Whereupon the judge did order and de-cide that the plaintiff should become nonsuited, to which order and decision of the judge the plaintiff excepted.

And the judgment of nonsuit being entered, Dye appealed to this court.

*J. M. Bingham and N Rollins*, for appellant.

*N. S. Murphy*, for the respondent.

*By the Court*, COLE J. We see no good reason for setting

aside the nonsuit in this case. The action was brought upon a land contract. The respondent, in consideration of four hundred dollars to him paid, agreed to execute and deliver to the appellant, within one year from the date of the instrument, a deed of certain real estate. On the third day after the expiration of the year, he made, and caused to be tendered to the appellant the deed, who refused to accept it, saying that he would not take it unless he was obliged to by the contract. It does not appear that any objection was made to the deed, and it was probably refused because it was not tendered within the year. The deed was thrown upon the floor of the appellant's house, and it appeared that he afterwards had it in his possession. But he doubtless did not intend receiving the conveyance, if the respondent was in default, for he seasonably demanded the four hundred dollars which he had paid upon the contract, and upon its being refused, brought his action to recover it. These facts appearing on the trial, the circuit court granted a nonsuit on the motion of the respondent.

We do not discover any peculiar stipulations in this contract, which takes it out of the rules applicable to such agreements; and the following authorities show that a vendor of real estate, who has covenanted to convey by a day certain, is not in default until the party who is to receive the conveyance, being entitled thereto, has demanded it, and waited a reasonable time to have the same drawn and executed. *Fuller vs. Hubbard et al.*, 6 Cow., 1; *Hackett vs. Huson et al.*, 3 Wend., 249; *Connelly et al. vs. Pierce*, 7 id., 129.

Judgment of the circuit court is affirmed with costs.