## SEELEY vs. HOWARD.

As a general rule, it is the duty of the vendor of land to prepare the deed, unless there was an agreement of the parties to the contrary. See *Dye vs. Montague,* 10 Wis., 18.

If upon the facts stated by the vendee in his complaint for specific performance, it should appear that it was his duty to have prepared and tendered a deed to the vendor, his neglect to do so does not affect his right of action, but only the question of costs, and the court, while refusing to award costs against a vendor not in default, should still require him to execute the deed which he ought to execute.

APPEAL from the Circuit Court for *Winnebago* County. January Term, 1861.

This was an action for the specific performance of a parol contract, made by the plaintiff with the defendant, for the purchase of a piece of land. The complaint alleged that the plaintiff had demanded a deed for the land, and the defendant had refused to execute it. The other allegations of the complaint are sufficiently stated in the opinion of the court. An answer was filed. On the hearing, the defendant objected to the introduction of any testimony, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The circuit court sustained the objection, and dismissed the complaint on the ground that it did not allege that the plaintiff had made out and tendered to the defendant for execution, a deed of the land, before the commencement of the suit.

SEELEY v. HOWARD.

*Wheeler & Coolbaugh,* for appellant:

It is not the rule in this country that the purchaser must tender a deed for execution. *Taylor vs. Longworth,* 14 Peters, 172. The most required is, that he should pay the purchase money, demand a deed, wait a reasonable time for the vendor to have it drawn, and then present himself to receive it. *Hackett vs. Huson,* 3 Wend., 250; *Connelly vs. Pierce,* 7 id., 129; *Fuller vs. Hubbard,* 6 Cow., 13; *Fuller vs. Williams,* 7 id., 53, and note 1; *Wells vs. Smith,* 2 Edwards, 78. The vendor must execute the deed at his own expense, and the general allegation that he had been requested to execute it, is sufficient. *Carpenter vs. Brown,* 6 Barb., 147; *Tinney vs. Ashley,* 15 Pick., 546; *Standifer vs. Davis,* 13 Smedes & M., 48. His refusal to execute the deed dispenses with the necessity of waiting for him to prepare it. 7 Cow., 53, note 1; 1 Denio, 544; *Morrow vs. Lawrence,* 7 Wis., 574.

*Lane & Boynton,* for respondent. [No argument on file].

*By the Court,* COLE, J. The record in this case states that the circuit court refused to receive any testimony on the trial, and dismissed the complaint, for the reason that it was not alleged therein, that the appellant, before the commencement of the suit, made out and tendered to the respondent for execution, a deed of the land which he claimed should

January 8.

be conveyed to him. The action was for the specific performance of a parol contract for the sale and conveyance of real estate, where the appellant, relying upon the due execution of such contract, alleges that he went into possession of the property and made valuable improvements thereon, with the knowledge and consent of the respondent. Upon paying to the respondent the true amount due him upon settlement, he insists that he is entitled to his deed, and this does not seem to be seriously denied in the answer.

Now, if we assume that it was the duty of the appellant, under the facts disclosed in the pleadings, to prepare and tender to the respondent a deed for execution, still it is very clear that his neglect to do so would not go to his right of action, but only affect the question of costs. For a court might well refuse to give costs against a party who was not in default, and who was ready and willing to execute a deed when the same was tendered to him by the other party, upon whom the law imposed the duty of preparing the conveyance. But under such circumstances the court, while refusing to mulct the defendant in costs, would still require him to execute the deed which he ought to execute.

In this state we have held that a vendor of real estate who has covenanted to convey by a day certain, was not in default, until the party who is to receive the conveyance, being entitled thereto, has demanded it, and waited a reasonable time to have the same drawn and executed. *Dye vs. Montague*, 10 Wis., 18. This in effect, is deciding that, as a general rule, it is the duty of the vendor to prepare the deed, unless there is some stipulation or agreement of the parties to the contrary.

The circuit court, therefore, improperly dismissed the complaint for the reason above stated, and should have proceeded to try the action upon the evidence offered.

The judgment of the circuit court is therefore reversed, and the cause remanded for further proceedings according to law.