Sizer, Executrix, Appellant, vs. Clark, Respondent.

*January 14—February 3, 1903.*

*Landlord and tenant: Option to purchase: Acceptance of option: Notice: Tender of performance: Evidence: Material error: Exceptions: Instruction to jury.*

1. An option contained in a lease provided that, in case the lessee "should wish to buy" the premises at any time during the period of the lease, the lessor would sell and deliver the same to the lessee, free and clear of all debts and taxes. The lessee made improvements relying on the option, and, eight days before the termination of the lease, gave the lessor verbal notice of his election to purchase, and was ever afterwards able, ready, and willing to receive a conveyance and make the pay-

ment. By reason of the absence of the lessor the lessee was unable to make an actual tender and demand of a conveyance until nineteen days after the expiration of the lease, which was then done, the lessee meanwhile remaining in possession of the demised premises. *Held*, that the agreement only required the lessee to notify the lessor that he wished to buy and pay the price to make it a binding contract, and the notification given was sufficient.

2. In such case, by reason of the agreement contained in the lease, and the election of the lessee, the conventional relation of landlord and tenant was terminated and superseded by a contract for the purchase of the premises.

3. In such case, it further appeared that the lessor, prior to the termination of the lease, conveyed to one who took with full knowledge of all the facts. The covenants contained in the lease were expressly made binding on the parties thereto and "their assigns." *Held*, that when the lessee, prior to the expiration of his lease, notified the lessor of his election to exercise the option to purchase, the lessor and his grantee both became bound to make the conveyance on payment of the agreed price to the lessor.

4. In such case, it is not error to admit testimony as to lessee's ability and readiness to pay the purchase price, and that the lessee had acted on the assumption that the contract was binding.

5. On the trial of an action the court, in presenting the issues to the jury, read to the jury portions of the defendant's pleading. The charge was fair throughout. *Held*, that no error was thereby committed.

APPEAL from a judgment of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

This action was commenced April 17, 1900, by the plaintiff's testatrix, Susan H. Sizer, to remove the defendant from certain premises described, on the ground that he was wrongfully holding possession thereof after the expiration of the lease under which he entered into such possession. It appears, and is undisputed, that March 2, 1897, Susan H. Sizer's grantor, R. B. Sizer, then the owner of the premises, made a lease in writing of the same to the defendant for the term of one year from April 1, 1897, therein agreeing to give to the defendant at the end of the first year the refusal for

two additional years at the same annual rental of $180 per year, payable in monthly payments of equal amounts; and the said lease contained a provision to the effect that the said R. J. Sizer therein further agreed "to sell the property" to the defendant, "should he wish to buy it, at any time during the period of this lease or the extension, for the sum of $3,000, and to deliver the same to" the defendant "free and clear of all debts and taxes, for the aforesaid price of $3,000 cash." The defendant therein agreed to pay the rent at the times and in the manner aforesaid during the continuance of the lease, and not to underlease the premises, nor assign the lease "without the consent of the lessor, and to quit and to deliver up the same to the lessor peaceably and quietly at the end of said term," etc. And the lease also contained a provision that "the covenants herein contained shall bind the parties mutually, and their respective heirs, executors, administrators, and assigns." The complaint alleges, in effect, the facts stated, and also that the defendant failed to purchase such premises as stipulated in the lease; that the period of the lease had expired; that the defendant held over the premises unlawfully and without permission of the complainant or the said R. J. Sizer; that April 6, 1900, the defendant was served with a written notice requiring the delivery of the premises to the complainant. Judgment was demanded that the defendant be removed from the premises. The defendant answered by way of admissions, denials, and counter allegations, to the effect that he had an option to purchase the premises at any time before April 1, 1900, for $3,000; that, relying upon such option, he had expended money and labor in improving the premises, and decorating the interior of the house, and filling up the yard; that March 26, 1900, the defendant notified R. J. Sizer of his election to purchase the premises, and that he was then ready to pay the agreed consideration of $3,000; that R. J. Sizer then and there promised to carry out such agreement, and agreed to complete

the sale, and have the necessary papers made out to consummate the purchase; that the defendant repeatedly went to the office of the attorneys of R. J. Sizer to see that the papers were made out, as agreed, but that they were not so made out; that he continued to go to the office of such attorneys to see about such papers until he was notified to deliver up the premises, April 6, 1900; that the defendant and another on March 30, 1900, went to the abode of R. J. Sizer, and tendered payment of the $3,000, and then and there demanded of him a deed of the premises in accordance with the terms of the contract, and that such tender and demand were proclaimed at said abode of R. J. Sizer for the reason that the defendant was unable to find the said R. J. Sizer, although he made diligent search for that purpose; that he continued to search for the said R. J. Sizer from that time up to April 6, 1900, when the defendant received notice to quit the premises; that the defendant alleges that R. J. Sizer absented himself during the aforesaid times for the purpose of preventing the defendant from making a tender to him of the $3,000; that April 19, 1900, the defendant was given the first opportunity to make the tender, as agreed, which he did, and then and there demanded a deed of conveyance of the premises, and that the said R. J. Sizer refused to accept such tender and to carry out his part of the contract for the sale of said premises; that the defendant is still in the possession of the premises, as the owner of the equitable title thereof; and that he is ready and willing to carry out his part of the contract, and to pay the price of $3,000, as the court may direct.

At the close of the trial, the jury, by the direction of the court and consent of counsel, returned a special verdict to the effect that on or about March 24, 1900, the defendant notified R. J. Sizer that the defendant elected to purchase the premises described, pursuant to the terms of the contract of sale contained in the lease; (8) that when Susan H. Sizer received the deed of the premises from R. J. Sizer to herself

(March 29, 1897), and thenceforth, she knew or understood that theretofore said lease, or an instrument giving to the defendant an option to purchase said premises up to April 1, 1900, had been executed and delivered to the defendant by R. J. Sizer; (10) that April 6, 1900, Susan H. Sizer, plaintiff's testatrix, did cause to be served on the defendant the notice in writing in evidence, demanding of the defendant the possession of the premises; (11) that on or about April 19, 1900, the defendant tendered to R. J. Sizer, in person, $3,000, in legal-tender money of the United States, as payment of the purchase price of the premises under such contract, and demanded of him a deed conveying said premises to the defendant pursuant to said contract, and that R. J. Sizer refused to accept said money, and refused to comply with the demand for a deed.    And the jury further found, as matters of fact, (2) that March 30, 1900, the defendant demanded a deed of the premises, and tendered payment therefor, under the circumstances and in the manner alleged in the answer; (3) that March 24, 1900, and at all times since, the defendant was able, ready and willing to receive a conveyance of the premises, and make payment therefor, according to the terms of the contract of sale contained in the lease; (4) that April 6, 1900, the defendant informed R. J. Sizer that the defendant was ready to accept a deed of the premises, and to pay therefor according to the contract, and that, in reply, R. J. Sizer said that it was then too late for the defendant to do so; (5) that April 6, 1900, was the first time after March 24, 1900, when the defendant had any reasonable opportunity to make that statement to the said R. J. Sizer in person; (6) that R. J. Sizer did not absent himself, from March 26, 1900, until April 2, 1900, from his home, for the purpose of avoiding defendant, and in order to prevent him from tendering payment for said premises to, and demanding a deed thereof from, R. J. Sizer, in person, under such contract of sale; (7) that on March 26, 1900, and thereafter up to April 2, 1900,

for the purpose of demanding of said R. J. Sizer a deed of said premises, and of tendering to him payment therefor, the defendant did make diligent and reasonable search and inquiry for said R. J. Sizer, and did fail to find him; (9) that at all times since April 1, 1900, the defendant has held possession of said premises, claiming the right to do so as the equitable owner thereof, under such contract of sale, and the tender or tenders of performance thereof on his part which defendant claims to have made. Judgment was thereupon ordered to be entered in favor of the defendant in accordance with such special verdict. From the judgment so entered, the plaintiff brings this appeal.

For the appellant there was a brief by *Duffy & McCrory,* attorneys, and *J. G. Hardgrove,* of counsel, and oral argument by *J. H. McCrory.*

For the respondent there was a brief by *Swett & Ecke,* and oral argument by *H. E. Swett.*

CASSODAY, C. J. It is conceded that the lease was extended, as therein provided, to April 1, 1900. By the terms of the optional contract therein contained, the lessor, R. J. Sizer, thereby agreed that in case the defendant "should . . . wish to buy" the premises, at any time during the period of the lease, or the extension thereof, for $3,000, he would sell and deliver the same to him, free and clear of all debts and taxes, for the aforesaid price of $3,000 cash.

The first, eighth, tenth, and eleventh findings of the jury were made by the direction of the court, and the consent of counsel, and are undisputed. The other findings of the jury are amply supported by the evidence. From these findings it appears that, eight days prior to the termination of the lease, the defendant notified R. J. Sizer, the lessor, that he had elected to purchase the premises pursuant to the terms of the contract of sale contained in the lease; that the defendant at that time, and at all times since, was able, ready, and

willing to receive a conveyance of the premises, and to make payment therefor as prescribed in the contract; that March 26, 1900, and thereafter up to April 2, 1900, for the purpose of demanding of R. J. Sizer a deed of the premises, and tendering to him payment therefor, the defendant did make diligent and reasonable search and inquiry for R. J. Sizer, and failed to find him; that March 30, 1900, the defendant went to the place of abode of R. J. Sizer in his absence, and made demand for a deed of the premises, and tendered payment therefor, as alleged in the answer; that April 6, 1900, the defendant informed R. J. Sizer that he was ready to accept a deed of the premises, and to pay the agreed price therefor; that that was the first reasonable opportunity for doing so to him in person; and that April 19, 1900, a complete tender of the price, and demand for a deed, were made by the defendant, and refused by R. J. Sizer, as found by the direction of the court and the consent of counsel. Thus it appears that prior to the termination of the lease the defendant informed R. J. Sizer that he wished to buy the premises and pay the agreed price; that he was able, ready, and willing to pay the price and receive the conveyance. True, he was, by reason of the absence of R. J. Sizer, precluded from making an actual tender and demand until a few days after the expiration of the lease. But the agreement only required the defendant to notify R. J. Sizer that he wished to buy, and pay the price of $3,000 cash, to make it binding. *Mueller v. Norlman,* 116 Wis. 468, 93 N. W. 538; *Peterson v. Chase,* 115 Wis. 239, 91 N. W. 687. One having an option in writing for the purchase of land has an interest therein. *Telford v. Frost,* 76 Wis. 172, 44 N. W. 835; *Wall v. M., St. P. & S. Ste. Marie R. Co.* 86 Wis. 48, 56 N. W. 367.

"An option is, in a sense, a continuing offer of a contract; and, if the offeree decides to exercise his right to demand the conveyance or other act contemplated, he must signify that fact to the offerer." 21 Am. & Eng. Ency. of Law (2d ed.) 930.

Such acceptance may be verbally given, as was done in the case at bar. Id. Counsel for the plaintiff invokes the well-known rule that a tenant is estopped from denying his landlord's title. That rule is based upon the theory "that the title of the lessee is in fact the title of the lessor. He comes in and holds by virtue of it, and rests upon it to maintain and justify his position." 11 Am. & Eng. Ency. of Law (2d ed.) 443. So this court held at an early day:

"A tenant cannot dispute the title of his landlord, nor during his term buy in an *adverse* outstanding title to that of his landlord under whom he holds." *Tondro v. Cushman*, 5 Wis. 279.

This court has also held:

"The grantee in a deed is not estopped by his acceptance thereof from showing that since he went into possession the supposed title of his grantor has been devested by a paramount lien and transferred to another, and that he is rightfully in possession under such other." *Moore v. Smead*, 89 Wis. 558, 62 N. W. 426.

So it has been held in Illinois:

"As a general proposition, a tenant cannot dispute his landlord's title, but he may show it has terminated either by its own limitation or by his own conveyance." *St. John v. Quitzow*, 72 Ill. 334.

So it has been held in Massachusetts:

"A tenant at will is not estopped to deny that, since his own entry into possession, his landlord's title has been determined by the act of the landlord." *Emmes v. Feeley*, 132 Mass. 346.

To the same effect, *Lamson v. Clarkson*, 113 Mass. 348.

So it has been held in Maine:

"A tenant is not estopped to deny his landlord's title after that title, under which his own tenancy began, has ended, and the estate has become *vested in the tenant himself.*" *Ryder v. Mansell*, 66 Me. 167.

Here, by reason of the agreement contained in the lease,

:and the election of the defendant, the conventional relation of landlord and tenant was superseded and terminated by a contract for the purchase of the premises by the defendant from the lessor.

2. Counsel for the plaintiff contends that, in order to make the optional agreement effectual, the defendant should have made his tender to Susan H. Sizer, to whom R. J. Sizer conveyed the premises after making the lease. She took by quit-claim deed, with full knowledge of all the facts, and made no agreement herself. But, as indicated, the covenants contained in the lease were therein made expressly binding upon the parties thereto, and their respective heirs, executors, administrators, and assigns. R. J. Sizer was not released, however, from his covenants and obligations to perform the contract by conveying to his mother. He continued to collect the rents after he conveyed to his mother. When the defendant, prior to the expiration of the lease, expressed to R. J. Sizer a wish to buy the premises at the price named, he and his mother both became bound to make conveyance. The making of the conveyance and the payment of the price were to be concurrent acts. *Seeley v. Howard,* 13 Wis. 336; *Davidson v. Van Pelt,* 15 Wis. 341; *McWilliams v. Brookens,* 39 Wis. 334; *Williamson v. Neeves,* 94 Wis. 656, 69 N. W. 806. Under the agreement, the price was to be paid to R. J. Sizer by the defendant upon conveyance being made to him, whereby he would get the title to the premises "free and clear of all debts and taxes."

3. There was no error in admitting testimony as to the defendant's ability and readiness to pay the purchase price, and that the defendant had acted on the assumption that the contract was binding.

4. There are a number of exceptions to the charge. The one on which counsel seems to place most reliance is that the court read to the jury portions of the answer in presenting the issues to the jury. The charge seems to be fair through-

out. Neither that exception to the charge, nor any other, has any merit. We find no error in the record.

*By the Court.*—The judgment of the circuit court is affirmed.