OWENS, Appellant, vs. HUGHES and others, Respondents, and WILLIAM F. ARNDT COMPANY, Appellant. [Two appeals.]

*October 23—November 17, 1925.*

*Mechanics' liens: Interest in real estate: Lessee with option to buy: Expiration of option: Waiver by landlord: Interest of lessee.*

1. A lease on premises, with an option to buy, constitutes an interest in real estate.  p. 216.
2. Oral testimony to show the intention of the parties to a lease is inadmissible where the lease is written and is unambiguous. p. 216.
3. Where a lessor, under a lease giving the lessee an option to buy, did not give notice of forfeiture after expiration of the option, but waived forfeiture and executed a contract of sale to the lessee, he thereby recognized the lessee's interest in the realty.  p. 217.
4. Under sec. 3314, Stats., granting a lien against the interest of a person holding land under a contract of lease or sale, and sec. 3324, providing for judgment against the interest of the owner of the premises or any person claiming under him, persons improving the premises at the request of a lessee holding an option of purchase are entitled to a lien on the interest the lessee had at the time of the commencement of the work or that which he, or any one holding under him, thereafter acquired.  p. 217.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Reversed, with directions.*

This was an action for mechanics' liens wherein the appellants, *James R. Owens* and *William F. Arndt Company,* recovered judgments against the defendant *Grace M. Hughes* for the amounts due them, but were denied liens upon the property improved.

One E. D. Fryer, owner of the property in issue, executed a lease containing a purchase agreement to the defendant *Hughes,* whereby the defendant *Hughes* was to enter into possession of said premises June 15, 1923, under lease until September 1, 1923, at a rent of $1,000, in partial pay-

ments as therein provided. In such lease the defendant *Hughes* was given an option to purchase the property on or before September 1, 1923, and to have the lease payments apply on the purchase price. The defendant *Hughes* did not exercise the option to purchase within the time prescribed, but shortly thereafter she procured the defendant *Peterson* to take an interest in the property, and Fryer thereupon executed a land contract to the defendant *Hughes,* which land contract *Hughes* assigned to *Peterson.* *Peterson* thereafter made payments on the purchase price, *Hughes* remaining in possession of the premises. During the period of the lease from Fryer to *Hughes, Hughes* improved the premises in various ways, among other things employing the appellant *Owens* to do painting and decorating of the value of $1,246.99, and the defendant *William F. Arndt Company* to install a furnace of the value of $882.64, which sums she failed to pay, and the appellants *Owens* and *William F. Arndt Company* filed claims for mechanics' liens. The case was tried before the court, and personal judgment was rendered against the defendant *Hughes* in favor of *Owens* and the *William F. Arndt Company* for the amounts claimed, but the claims for liens were denied. The plaintiff and the *William F. Arndt Company* appealed.

The cause was submitted for the appellants on the brief of *Timlin & Dean* and *Ernst von Briesen,* all of Milwaukee, and for the respondent *Peterson* on that of *M. H. Fuldheim* of Milwaukee.

CROWNHART, J. The lease of the premises, with option to buy, constituted an interest in the real estate. *Sizer v. Clark,* 116 Wis. 534, 540, 93 N. W. 539, and cases there cited. It was attempted to be shown by oral testimony, over the objection of the appellant, that *Hughes* did not in fact acquire any interest in the premises. The terms of the contract being in writing and unambiguous, oral testimony to show the intent of the parties was not admissible. *H. H.*

*Camp Co. v. Pabst B. Co.* 172 Wis. 211, 178 N. W. 474; 10 Ruling Case Law, 1016.

The lessor, Fryer, did not give notice of forfeiture of the contract, but on the contrary waived the forfeiture and executed the contract of sale of the land to the defendant *Hughes,* thereby recognizing her interest in the real estate.

Sub. (7), sec. 3314, renumbered sec. 289.01, Stats., provides as follows:

". . . shall have a lien thereupon and upon the interest of the owner of any such building, machinery or other structure or work of any kind herein mentioned, or of the interest of the person causing such work or labor to be done. . . .

"This section shall not be construed as giving a lien upon the interests of any owner in land where the work or labor is done, or material is furnished or plans or specifications or estimates are prepared, at the request of any person holding such land under any contract of lease, demise or contract for the sale thereof, with such owner unless there shall also be an express agreement between such owner and the person doing such work or labor or furnishing such material, or preparing such plans, specifications or estimates whereby such owner has agreed to pay for or become responsible for the payment of the same, but such lien shall affect the interests only of the person holding the land under such contract of lease, demise or sale."

Sec. 3324, Stats., renumbered sec. 289.12, provides:

"The judgment in such action shall adjudge the amount due the plaintiff. . . . It shall direct that the interest of the owner in the premises at the time of the commencement of the work or furnishing the materials for which liens are given, or which he or any person claiming under him has since acquired, or so much thereof as may be necessary, be sold to satisfy the amount of the lien of the plaintiff."

It clearly appears from the provisions of these sections quoted that the appellants *Owens* and *William F. Arndt Company* were entitled to liens upon the interest of the de-

fendant *Hughes* and the defendant *Peterson,* who claims
under her, to the amount of the appellants' claims.

*By the Court.*—The judgment of the circuit court deny-
ing appellants' claims for liens is reversed, with directions
to enter judgment granting the appellants liens upon the
premises as to the interest of the defendant *Hughes* at the
time of the commencement of the work by appellants, or
which she thereafter acquired, and the interest of anybody
claiming under her since that date.