DUNHAM and wife, Appellants, vs. FISHER, Respondent.

*December 9, 1926—January 11, 1927.*

*Statute of frauds: Conversations prior to written offer to sell land: Competency: Offer of sale: Revocation before acceptance.*

1. The substance of conversations relative to a sale of lots before the writing of a letter evidencing a contract for their conveyance is incompetent under sec. 240.08, Stats. p. 627.
2. Where the purchasers of the lots were unwilling to accept the terms of conveyance expressed in the letter and an inclosed deed from the vendor, but wanted the absolute right to a spring on the premises, which the vendor refused to give, there was no complete contract because the minds of the parties never met as to the essential terms of sale. p. 627.
3. An offer may be withdrawn before it is acted on or any consideration paid. p. 627.

APPEAL from a judgment of the circuit court for Washburn county: W. R. FOLEY, Circuit Judge. *Affirmed.*

Action for specific performance of an alleged contract to convey real estate. The facts are not in dispute and are, as found by the trial court, as follows:

"(1) That at all times material herein defendant was the owner of lots 2, 3, and 4 of the plat of Lakeview, being located on government lot 7 of section 25 of town 38 north, of range 11 west, in Washburn county, Wisconsin, as shown

by the plat thereof on record in the office of the register of deeds for Washburn county, and being the real estate involved in this action.

"(2) That on August 11, 1923, and pursuant to prior negotiations between the parties respecting the sale of said lots to plaintiffs, defendant wrote a letter to Howard M. Harpel, one of the attorneys for the plaintiffs, being Exhibit 1 in evidence, the body of which is as follows: 'At the request of *Mr. Dunham,* I am inclosing herewith abstract of title to lots 2, 3, and 4 in Lakeview, being property which he has bargained to purchase from me adjoining his property at Long Lake, Wisconsin, also blank deed for your inspection. I understood his wife to say he wanted title in the two jointly, probably joint tenancy with the right of survivorship. You are authorized to inset the grantee in such form as is desired, and if the deed does not meet your wishes, please draft one that does and return to me for execution. *Mr. Dunham* told me to take this matter up with you, and that as soon as approved by you, check for $700 would be sent me. Kindly let me hear from you promptly.'

"(3) That the deed mentioned in said letter and inclosed therewith, being Exhibit 3 in evidence, contained the following provision: 'The grantors herein reserve to themselves, their heirs and assigns, the joint right with grantees, their heirs and assigns, to drive to and from the spring located on said premises and to take water therefrom, it being the intention that said spring shall be used jointly by the owners of lot one (1) in said Lakeview and the owners of the land herein conveyed.'

"(4) That on August 28, 1923, said Harpel, as attorney for said plaintiffs and in reply to defendant's letter, Exhibit 1, wrote to defendant a letter which is Exhibit 5 in the evidence and the body of which is as follows: '*Mr. Dunham* has returned to the city. I have called his attention to the reservations in the form of deed you sent me, and he raised an objection to having the deed recite such a reservation. He suggests that he give you a letter that you and your family may use the spring and have access thereto, and that should he sell the three lots in question the same right for water for drinking purposes would be passed on as long as water is available. He does not wish to be hindered in any

way in making such improvements in and about the spring as he may desire, nor to give any right to the spring itself, but only the water therefrom, so that he would not be held responsible and would no longer be bound in the event the spring dried up. In your draft of deed the reservation is made to you and your wife, your heirs and assigns, etc., but it is *Mr. Dunham's* idea that the rights to the water be given to the owners of lot 1. Kindly advise me if these suggestions meet with your approval.'

"(5) That in reply to said letter, Exhibit 5, defendant wrote to Harpel a letter dated August 31, 1923, being Exhibit 6 in the evidence, the body of which is as follows: 'Yours of the 28th instant forwarded me in Wis., but shall be leaving soon, so write me further at Rockford, Ill. *Mr. Dunham's* suggestion that he give me a letter *in re* spring would not do, for that would be no notice to any one to whom he might sell that lot. It is not my wish to in any way hinder him in the improvement of the spring, nor in any way to hold him if the spring should go dry, nor to reserve any right except to the portion of the water and the, right to get it, and that only to the owners of lot 1. You may re-draw the deed as he wishes it, reserving as above, and send to me for execution.'

"(6) That before the acceptance by plaintiffs of the offer made by and contained in said last mentioned letter, Exhibit 6, defendant wrote a letter to said Harpel as such attorney for plaintiffs, being Exhibit 7 in the evidence, the body of which is as follows: 'I have decided not to sell to *Mr. Dunham* my lots at Long Lake, so there will be no occasion to quibble about the reservations as to the spring. Will you please return to me the abstract and deed that I sent you and oblige.' That thereupon and thereafter said defendant, by a land contract, sold said lots to one Sidney D. Wilgus, said land contract appearing in evidence as Exhibit 8."

As conclusions of law the court found:

"That the letter of August 14, 1923, by defendant to plaintiffs, together with the deed and abstract inclosed therewith, must be taken together as constituting one transaction;

and do constitute the complete offer of the defendant to plaintiffs for the sale of the real estate in question and which must be accepted as made, or no contract results therefrom; that such offer was not accepted by plaintiffs, and that the correspondence between the parties set forth in the foregoing findings does not make or constitute a contract between the parties for the sale of the real estate in question by defendant to plaintiffs; and that the defendant is entitled to judgment dismissing the complaint of the plaintiffs on the merits and for his costs and disbursements in this action."

From a judgment entered accordingly the plaintiffs appealed.

*W. T. Doar* of New Richmond, for the appellants.

For the respondent there was a brief by *Jeffris, Mouat, Oestreich, Avery & Wood* of Janesville, and oral argument by *O. A. Oestreich.*

VINJE, C. J.  Plaintiffs assign as error the finding of the court that the evidence did not establish a valid contract between the parties. They claim the letter of August 14, 1923, signed by the defendant, constitutes a complete contract. It appears that prior to the writing of the letter of August 14th some conversations relative to the sale of the lots were had, but their substance was properly excluded as not competent under sec. 240.08, Stats. 1925, so we must look to the correspondence alone as to whether a valid contract for the conveyance of the lots was made. The court properly considered the letter and inclosed deed as expressing the terms of the conveyance, and it clearly appears that plaintiffs were not willing to accept those terms. They wanted an absolute right to the spring and this the defendant refused to give, so their minds never met as to the essential terms of the sale—hence no complete contract is shown.

The offer contained in the defendant's letter of August 31st was withdrawn before it was acted upon or any con-

sideration paid.   Defendant's right to withdraw under such circumstances is unquestioned.   27 Ruling Case Law, 325, 329; 39 Cyc. 1195; *Johnson v. Filkington,* 39 Wis. 62; *Helmholz v. Greene,* 173 Wis. 306, 181 N. W. 221.

By the Court.—Judgment affirmed.