Karrels and wife, Respondents, vs. Karrels and wife, Appellants.

*December 6, 1939—March 12, 1940.*

For the appellants there was a brief by *Bassuener, Humke & Poole* of Sheboygan, and oral argument by *John M. Poole*.

For the respondents there was a brief by *Schanen & Linley,* attorneys, and *Victor Linley* of counsel, all of Port Washington, and oral argument by *Mr. Linley.*

FAIRCHILD, J.   One agreeing to convey land to another upon fixed terms may be required to perform even though no written memorandum in compliance with the statute of frauds (sec. 240.08, Stats.) is made, if there has been a part performance and fraud would result from not enforcing the oral agreement.   *Cutler v. Babcock,* 81 Wis. 195, 51 N. W. 420; *Estate of Powell,* 206 Wis. 513, 240 N. W. 122.

The plaintiffs rest their case upon an oral agreement claimed to have been made effective by reason of what the plaintiffs did in reliance upon the defendants' promises. They claim the acts on their part, and the advantages given by them to and accepted by the defendants, constitute a part performance under sec. 240.09, Stats., which takes the oral promise out of the statute of frauds.

The general rule is that equity will enforce specific performance of an oral agreement to convey land to prevent a fraud where part performance by the purchaser is shown. *Marshall & Ilsley Bank v. Schuerbrock,* 195 Wis. 203, 217 N. W. 416.   The basis of the doctrine of part performance lies in principles of equitable estoppel where it would be a fraud upon the plaintiffs if the defendants were permitted to escape performance of their part of the oral agreement after they have induced plaintiffs to forego valuable rights and have permitted them to perform in reliance upon the agreement.   This doctrine was followed in *Bowen v. Warner,* 1 Pin. 600; *Cutler v. Babcock, supra; Wall v. Minneapolis, St. P. & S. S. M. R. Co.* 86 Wis. 48, 56 N. W. 367; *Estate of Powell, supra.*   See also 101 A. L. R. 935 *et seq.*

The evidence upon which the trial court relied in reaching its conclusions supports the findings of fact, for it appears therefrom that the defendant Ben Karrels told his brother,

the plaintiff John, that John could have the farm on a land contract if Ben got the title; and that John was not to interfere with the confirmation of the sale. At the time of the first conversation there was an expectation that the farm could be bid in for $7,500, but whatever the cost to Ben would be, it was to be assumed by John. John testified: "I agreed to let the foreclosure proceeding go through. . . . He said that as soon as I reduced the principal to $6,000 he would accept the mortgage at four per cent for five years. . . . I told my attorney not to interfere with the confirmation of the Neuhengen sale. Ben Karrels' foreclosure against me was pending at that time."

After the sale under the Ben Karrels mortgage, the parties met on December 31, 1937. They then knew that $8,500 was the amount John and his wife were to pay. The terms of the agreement were settled and a memorandum thereof made as found by the court. The fact that on August 14th the exact amount could not be ascertained does not leave matters in such uncertainty as to negative the completeness of a contract. There was then a standard for determining the price, and the agreement to subsequently incorporate that amount as a term of the contract was enforceable, especially where the amount became known and the agreement was confirmed. The circumstances definitely show a meeting of the minds. 13 C. J. p. 292, § 100; 12 Am. Jur. p. 554, § 64; p. 561, § 70; Restatement, Contracts, § 32; *Kipp v. Laun,* 146 Wis. 591, 131 N. W. 418; *Hayes v. O'Brien,* 149 Ill. 403, 37 N. E. 73; *Jungdorf v. Little Rice,* 156 Wis. 466, 145 N. W. 1092; *Hopedale Electric Co. v. Electric Storage Battery Co.* 96 App. Div. 344, 89 N. Y. Supp. 325 (affirmed 184 N. Y. 356, 77 N. E. 394). The ground on which the court holds that part performance takes a contract out of the purview of the statute of frauds is the inducement or allowing a party to so change his position on the faith of the contract as to subject him to great disadvantage amounting to a fraud. In addition to permitting the title to be acquired by defendants,

the plaintiffs made some payments, and under the agreement resumed or retained possession of the farm. They have been ready to carry out their part of the bargain and have demanded the land contract they were to have. Defendants having changed their minds as to the advisability, from their standpoint, of giving a land contract, refused to comply with the demand and offered to lease the farm to plaintiffs. This suit resulted. At the trial testimony to support defendants' contention that the plaintiffs were responsible for the breaking off of contractual relations was offered, but the evidence accepted by the trial court as controlling brings forth a case of a complete contract and a part performance under it, sufficient to result in a right to a decree of specific performance. There is an exposition of this doctrine of part performance as applied to equivalent facts in the case of *Cutler v. Babcock, supra.* In that case one Babcock in possession of and owner of land mortgaged it to Cutler. In order to clear the title Babcock allowed Cutler to foreclose the mortgage and bid in the land under an oral promise on Cutler's part to reconvey. The owner was to pay the costs and expenses of the foreclosure. Cutler bid in the land but refused to reconvey the lots in question. It was ruled that there was part performance taking the case out of the statute of frauds, and that a decree of specific performance was justified. It appears that the mortgagee's refusal to reconvey was a sufficient fraud to make the buyer a trustee *ex maleficio* for the mortgagor. There, as here, the parties stood in relation of mortgagor and mortgagee; the mortgagor who was also the prospective title holder after a sale had possession before the foreclosure and retained it after; and there was forbearance in reliance on the oral promise. See *Scheuer v. Cochem,* 126 Wis. 209, 214, 105 N. W. 573; *Henrikson v. Henrikson,* 143 Wis. 314, 319, 127 N. W. 962; *Estate of Powell, supra.* See also 2 Pomeroy, Eq. Jur. (4th ed.) p. 1929, § 921; 2 Story, Eq. Jur. (14th ed.) p. 424, § 1046 ff; 5 Pomeroy, Eq. Jur. (2d ed.) p. 5011, § 2243.

The party getting title in a foreclosure sale, under a parol contract to reconvey, cannot be allowed to repudiate the contract when it comes time for him to perform. *Paine v. Wilcox,* 16 Wis. *202.

*By the Court.*—Judgment affirmed.

FOWLER and FRITZ, JJ., dissent.