BERANEK and another, Appellants, vs. GOHR, Respondent.

*November 8—December 4, 1951.*

*S. P. Rigler* of Rice Lake, for the appellants.

For the respondent there was a brief by *Francis R. Parks* of Rice Lake, attorney, and *Terence N. Hickey* of Menomonie of counsel, and oral argument by *Mr. Parks*.

BROADFOOT, J.   Upon appeal the plaintiffs claim that the trial court erred in finding that an oral agreement was entered into by Ernst Gohr and Carl Gohr, in permitting the amendment to the counterclaim, and in finding that there was sufficient performance of the oral contract to overcome the statute of frauds, which was asserted as a defense.

As to the first claim of error, it is apparent that there was an oral agreement.  There was a sharp dispute in the

testimony as to the terms of the agreement, and the terms thereof were determined by the trial court from the evidence. It was judge of the credibility of the witnesses and its finding thereon is not against the great weight or clear preponderance of the evidence.

The motion to amend the counterclaim was made before the close of the trial. The plaintiffs did not claim surprise nor did they offer any additional testimony as to the new issue, and under the liberal rules prevailing in this state for the amendment of pleadings the action of the trial court was proper.

As to the third claim of error, the contention of the plaintiffs must be sustained. The record does not disclose a sufficient performance of the oral contract to overcome the defense of the statute of frauds. The general rule as to the requisites of part performance of an oral contract is stated in 49 Am. Jur., Statute of Frauds, p. 732, sec. 427, as follows:

"Since the doctrine of part performance is based upon the prevention of fraud, and its application to permit specific performance of an oral contract is dependent upon the existence of the general prerequisites to equitable relief, nothing can be regarded as a part performance to take a verbal contract out of the operation of the statute which does not place the party in a situation whereby he will be defrauded unless the contract is executed. The acts relied upon as a part performance of a parol contract for the sale of land must be such as change the plaintiff's position and would result in a fraud, injustice, or hardship upon him, if the contract were not executed or enforced. . . .

"Equity has no concern in cases of part performance except to prevent the perpetration of a fraud. That is the only ground which can justify its interference. Otherwise, the exercise of its jurisdiction for the practical annulment of the statute would be merely bare usurpation. While the doctrine that part performance takes a case out of the statute so as to permit specific performance necessarily marks a

relaxation of the statute of frauds, a further relaxation is not to be permitted by failing to question the sufficiency of acts to constitute a part performance within the doctrine. Unless the act meets the underlying requirements of the doctrine of part performance, the fact that it is a compliance with the positive provisions of the agreement does not warrant the enforcement of a parol contract. The plaintiff must be able to show such acts and conduct of the defendant as the court would hold to amount to a representation that he proposed to stand by his agreement and not avail himself of the statute to escape its performance; and also that the plaintiff, in reliance on this representation, has proceeded, either in performance or pursuance of his contract, so far to alter his position as to incur an unjust and unconscientious injury and loss, in case the defendant is permitted after all to rely upon the statutory defense. Clearly, mere words are not a sufficient part performance to take a case out of the statute of frauds. However, fraud in the inception of the contract is not a prerequisite to the application of the doctrine.

"The partial performance must be such as would prevent the court from restoring the party performing to the situation in which he was when the agreement was made. It must be prejudicial to the performing party and place him in a situation which does not lie in compensation and which he would have avoided if there had been no contract, where he will suffer an unjust and unconscionable injury unless the other party is required to perform. Specific performance is never decreed on the ground of part performance unless the acts relied on to warrant the decree are of such character that legal damages would not be adequate relief.

"In order to constitute part performance within the doctrine, the acts of the plaintiff must refer solely to the contract, and be substantial and important.

"What constitutes part performance must depend upon the particular facts of each case. Thus, while diverse results have been reached in determining whether a contract embracing more than one subject matter was taken out of the statute by part performance, it is apparent that such diversity is attributable to the peculiar circumstances of the particular case rather than to a conflict of judicial opinion as to the rules determining the sufficiency of acts to constitute part performance of a contract of this class. Whether certain

acts have been performed is for the jury to determine, but the sufficiency of particular acts as a part performance is for the court to decide as a matter of law."

In its memorandum opinion the trial court stated that this case is controlled by *Dingman v. Hilberry,* 159 Wis. 170, 149 N. W. 761. The factual situations in the two cases are very different. In the *Dingman Case* the plaintiff not only took possession of the land but occupied the same for a period of ten years, exercised the rights of ownership, paid the taxes thereon, and made extensive and valuable improvements upon the land such as building new fences, clearing the land of stumps, and other general improvements including repairs to the house alone amounting to about $700. Dingman also paid more than $3,000 upon the purchase price and tendered further payments which were refused by Hilberry.

In his brief the defendant cites other Wisconsin cases, and in particular the case of *Karrels v. Karrels,* 234 Wis. 44, 290 N. W. 624. The facts in each of the cases are distinguishable from the facts in the present case. All of the Wisconsin cases cited follow the general rule quoted above. The Wisconsin cases recognize that the statute of frauds was adopted in order to prevent fraud and that the doctrine of part performance of an oral contract for the purchase of land can be invoked only where fraud would result from not enforcing the oral agreement. The statute of frauds is still a good defense but under some circumstances the party pleading the statute is estopped to assert it as a defense where he has induced the other party to change his position, because of the oral agreement, to such an extent that he has no adequate remedy at law, and he could not be restored to the situation in which he was when the agreement was made.

If the record here disclosed facts such as those in the *Dingman Case* and the defendant had occupied the land for

a considerable period of time, thus changing his plan of living, and had made valuable improvements upon the land for which he could not be adequately compensated, then the plaintiffs should be estopped from pleading the statute of frauds as a defense. The record does not disclose that the position of the defendant has been materially changed because of the oral agreement. He still holds his mortgage and, so far as the record discloses, has an adequate remedy by foreclosing the same.

*By the Court.*—Judgment reversed and cause remanded for further proceedings in accordance with this opinion.