MITCHELL and another, Appellants, vs. CITY OF HORICON, Respondent.

*June 1—July 3, 1953.*

For the appellants there was a brief by *Thomas, Orr, Isaksen & Werner* of Madison, and oral argument by *San W. Orr.*

For the respondent there was a brief and oral argument by *Clarence G. Traeger* of Horicon.

BROWN, J. We consider that sec. 70.111 (9), Stats., requires the tractors in question to be put on the tax roll. Horse or power-drawn farm machinery is that which is dragged around by horses or power units but the language of the statute does not suggest to us that the legislature by this section also meant to exempt the pulling power, either animal or mechanical, in addition to the object drawn. The tractor does not become a part of the exempt machinery which it draws any more than the horse does. Appellants contend that the tractor which moves by its own power falls within the description of a power-drawn machine. That involves an uncommon use of language. "Self-propelled," "automotive," or "power-driven" machine or vehicle would be usual and customary terms applicable to tractors but since the legislature puts the mechanical power plant on a parity with the horse in its description of the machinery to be ex-

empt, it is our conclusion that in granting the exemption the legislature was referring to machinery having no means of propulsion of its own but dependent for movement on some outside force.

The complaint alleges that it was the legislative purpose to make available to farmers in the spring extensive stocks of farm equipment and to aid this purpose, by encouraging dealers to carry large stocks, the legislature exempted farm machinery from the usual May 1st assessment and tax liability. It is also alleged that from 1941, when the italicized portion of the statute, *supra,* was enacted, until 1950, when the state department of taxation instructed assessors to assess farm tractors in dealers' hands, it was the practice of local assessors generally, if not invariably, to regard the tractors as exempt. In so far as these may be allegations of material fact, they are admitted by the demurrer and respondent's argument that they are not true cannot be entertained. Demurrers concede the truth of material statements of fact.

Practical construction, it is true, has its place in the interpretation of statutes whose meaning is doubtful. The trouble with that argument here is that it is a fundamental rule of taxation that, if there is doubt, the doubt must be resolved against the party claiming an exemption. *Albion v. Trask* (1950), 256 Wis. 485, 41 N. W. (2d) 627; *Comet Co. v. Department of Taxation* (1943), 243 Wis. 117, 9 N. W. (2d) 620. Resort to practical construction requires the existence of doubt and if there is doubt the decision must be against the taxpayer. The allegations concerning the legislative intent are conclusions not admitted by the demurrer and, of course, not binding upon the courts which may search for the purpose of the legislature without restriction.

We have seen tractors in extensive use upon golf grounds, city parks, great construction projects, city streets, and other places without farm qualifications and it may be doubted whether a tractor held by a dealer for general sale is, *per se,*

farm machinery. We do not rest our decision on that uncertainty. For the purposes of this case we assume that the tractors in question are farm machinery. If it was the purpose of the legislature to exempt them, along with the very evident exemption of machinery which lacked power, the statute would not have used the descriptive words "horse or power drawn" at all. We cannot treat such words as without meaning and the only meaning we can reasonably give to them is to say that they limit the exemption to machinery which has no power of its own but which must be moved by an independent force, such as a horse or mechanical power. Since the tractor does not require such independent motive power, it does not fall within the exemption, even if it is assumed to be farm machinery while in the dealer's possession.

We find no absurd or unconstitutional distinction between groups of farm machinery so classified and conclude that the order of the learned trial court sustaining the demurrer should be affirmed.

*By the Court.*—Order affirmed.