ESTATE OF RUSSELL: NETHERY, Appellant, v. RUSSELL, Respondent.

*April 6—May 3, 1960.*

For the appellant there were briefs by *Geffs, Geffs, Block & Geffs* of Janesville, attorneys, and *James W. Shelden* of Rockford, Illinois, of counsel, and oral argument by *Jacob Geffs* and *Robert H. Geffs*.

For the respondent there was a brief and oral argument by *Frank D. Hamilton* of Dodgeville.

BROWN, J. By its judgment the trial court held that Russell made a valid election to purchase within the terms stated in the will and directed the procedure by which Russell might pay the price and receive a conveyance of the

property. The latter administrative details are not attacked and the appellant, Bernice, submits only that within the six months following the widow's death on October 25, 1957, Russell had not made a valid election complying with the terms of the will and therefore the court committed reversible error by its determination that there was a valid election and that it was timely.

Appellant offered no evidence at the trial and her contention is simply that, as a matter of law, Russell did not elect to purchase within six months of the widow's death.

First, appellant submits that the written elections which Russell signed in December, 1957, and February, 1958, were not filed in the court until after the six months' period but were retained by his own attorney and were therefore of no effect. Second, Russell's oral communication to Bernice in January, 1958, of his election to purchase, was ineffective as an election because it was not in writing. We will consider this argument first.

The will does not specify the election to be made in any particular manner, such as being in writing or being filed in court or elsewhere so long as an election is made within the time limit. The court has no power to add to the conditions expressed in a will where, as here, there is no evidence that the testator inadvertently omitted an intended condition.

Appellant submits that the statute of frauds requires a valid election to purchase real estate must be in writing. The part of the statute of frauds applicable to this case is sec. 240.07, which reads:

"LIMITATION OF SEC. 240.06. Sec. 240.06 shall not be construed to affect in any manner the power of a testator in the disposition of his real estate by a last will and testament nor to prevent any trust from arising or being extinguished by implication or operation of law."

This section prevents other parts of the statute of frauds from imposing conditions upon the testator's disposition of

his estate, including conditions upon the mode of election. In the absence of statute or unless required by the terms of the offer, an acceptance of an offer to sell is not required to be in writing. 55 Am. Jur., Vendor and Purchaser, p. 483, sec. 15. Appellant argues that a transfer of title to an interest in real estate requires a writing conforming to the statute of frauds. But we must not overlook the fact that it is not Russell's election to buy which transfers the title. The election is only a condition precedent which he must fulfil before he has the right to buy. It is like any other condition precedent, such as reaching a certain age or marrying a certain girl, and the statute has nothing to do with the performance of the condition precedent unless the testator included it in the conditions. If the court can find from the evidence that Russell elected within the time stated, the condition is fulfilled and his right to purchase accrues.

The right to purchase given Russell by the will is closely akin to the grant of an option to buy, and in such a case we said:

" 'An option is, in a sense, a continuing offer of a contract; and, if the offeree decides to exercise his right to demand the conveyance or other act contemplated, he must signify that fact to the offerer.' 21 Am. & Eng. Ency. of Law (2d ed.), p. 930.
"Such acceptance may be verbally given, as was done in the case at bar. Id. . . ." *Sizer v. Clark* (1903), 116 Wis. 534, 540, 93 N. W. 539.

In the ordinary case of offer and acceptance where no mode or method of acceptance is specified in the offer, the offeree should communicate his acceptance to the offerer in order to make the acceptance binding. In the case at bar, the offerer is dead and his personal representative is the offeree. Very likely unrevealed communications between Elvin J. Russell as an individual and himself in his representative capacity would not satisfy the requirement of an acceptance

of an offer, that is, an election to exercise his right to purchase. But under present circumstances, we consider that an election to buy orally communicated by the offeree to the adverse party, the one whose interests are to be bought, fulfils the requirement of an election effective to meet the terms and conditions of this will. The undisputed fact is that in January, 1958, respondent informed appellant that he elects to purchase the farm upon the terms set by his father's will; many other supporting facts are in evidence but are not material since nothing to impeach that election appears by fact or inference. Accordingly, we affirm the judgment on this ground and it is unnecessary to examine the effect of the elections written and signed during the six months' period but not filed in county court until afterwards.

*By the Court.*—Judgment affirmed.