BRATT, Appellant, v. PETERSON, Respondent.

*May 11—July 1, 1966.*

448

450

For the appellant there were briefs by *Donald J. Harman* and *Johns, Pappas & Flaherty,* all of La Crosse, and oral argument by *Mr. Harman.*

For the respondent there was a brief by *William N. Koslo* and *Fugina, Kostner, Ward, Kostner & Galstad,* all of Arcadia, and oral argument by *La Vern Kostner.*

WILKIE, J.   Three issues are presented on this appeal:
1. Is the June 21st extension void under the statute of frauds?

2. Is appellant estopped from raising a defense based on the statute of frauds?

3. Is the option so vague and uncertain as to be unenforceable?

Since the case comes to us on demurrer we must assume that all facts pleaded in the amended answer are true.[1]

## Statute of Frauds.

Consideration must first be given to determining whether, in terms of general contract law, there was a binding agreement between the Schnells and Peterson. An option to purchase is a continuing promise or offer given by the landowner to sell real estate to another at a specified price within a specified period of time.[2] The offer ripens into a binding and irrevocable "option contract" if consideration is given,[3] but can be withdrawn any time before acceptance if not based on consideration.[4] Once the "option contract" or offer is accepted, a contract of sale arises.[5] From the standpoint of contract law "the consideration necessary to support

[1] *Bolick v. Gallagher* (1955), 268 Wis. 421, 67 N. W. (2d) 860; *Mitchell v. Horicon* (1953), 264 Wis. 350, 59 N. W. (2d) 469.

[2] *Sizer v. Clark* (1903), 116 Wis. 534, 540, 93 N. W. 539. See also 55 Am. Jur., Vendor and Purchaser, p. 496, sec. 28.

[3] *Mueller v. Nortmann* (1903), 116 Wis. 468, 470, 93 N. W. 538; *Peterson v. Chase* (1902), 115 Wis. 239, 241, 91 N. W. 687; 55 Am. Jur., Vendor and Purchaser, p. 501, sec. 31.

[4] *Nelson v. Stephens* (1900), 107 Wis. 136, 82 N. W. 163; 55 Am. Jur., Vendor and Purchaser, p. 502, sec. 31; 17 Am. Jur. (2d), Contracts, p. 371, sec. 32. See *Dunham v. Fisher* (1927), 191 Wis. 624, 211 N. W. 757, and *Helmholz v. Greene* (1921), 173 Wis. 306, 181 N. W. 221, which stated the rule as such in connection with ordinary offers to sell.

[5] *Megal v. Kohlhardt* (1960), 11 Wis. (2d) 70, 81, 103 N. W. (2d) 892; *Mueller v. Nortmann, supra,* footnote 3; 55 Am. Jur., Vendor and Purchaser, p. 496, sec. 28; p. 503, sec. 32; p. 506, sec. 38.

an option need not be expressed in the proposal to sell, but may be proved aliunde." [6]

There is no question that as a matter of contract law, if the facts in the instant case are proven as pleaded, there was an option agreement both initially and as extended that obligated the seller to perform on its terms if the option were exercised within the prescribed period.

Appellant contends, however, that the extension of the option is fatally defective because it does not meet the requirements of the statute of frauds, sec. 240.08, Stats., which requires a written contract for the sale of "any interest in lands" to express the consideration. It is settled that if a contract that must comply with the statute of frauds does not comply, it is void,[7] and a nullity.[8] An option to purchase real estate is an "interest in land" within the meaning of sec. 240.08.[9]

Appellant argues that the June 21st extension is based on new consideration which is not recited. The answer

[6] 55 Am. Jur., Vendor and Purchaser, p. 503, sec. 32. See 17 Am. Jur. (2d), Contracts, p. 434, sec. 91, where it is said: "The consideration necessary to support an option need not be recited in the option agreement, apart from any requirement of the statute of frauds."

[7] "240.08 **Contract for lease or sale to be in writing.** Every contract . . . for the sale of any lands or any interest in lands shall be void unless the contract or some note or memorandum thereof, expressing the consideration, be in writing . . . ."

[8] *Henrikson v. Henrikson* (1910), 143 Wis. 314, 321, 127 N. W. 962; *Rowell v. Barber* (1910), 142 Wis. 304, 308, 125 N. W. 937; *Brandeis v. Neustadtl* (1860), 13 Wis. 158, 166 (\*142, \*149).

[9] *Wall v. Minneapolis, St. P. & S. S. M. R. Co.* (1893), 86 Wis. 48, 57, 56 N. W. 367. See also *Wyman v. Utech* (1949), 256 Wis. 234, 241b, 40 N. W. (2d) 378, 42 N. W. (2d) 603; *Telford v. Frost* (1890), 76 Wis. 172, 174, 44 N. W. 835, which announced the same rule in regard to the companion sec. 240.06; and *F. Rosenberg Elevator Co. v. Goll* (1963), 18 Wis. (2d) 355, 364, 118 N. W. (2d) 858; *Owens v. Hughes* (1925), 188 Wis. 215, 216, 205 N. W. 812; *Kreutzer v. Lynch* (1904), 122 Wis. 474, 478, 100 N. W. 887; *Sizer v. Clark, supra,* footnote 2, at page 540, which stated the rule to be such in general.

alleges that the extension was supported by new consideration—*i.e.*, respondent's refraining from exercising the original option during the one-hundred-day period so that Schnell could examine the tax consequences of the sale. Failure of the extension of the option to recite this new consideration amounts to noncompliance with the statute of frauds, sec. 240.08, Stats., and would render the contract void if this attack on the contract is available to Bratt.

It has been suggested that inasmuch as no new consideration is even required in Wisconsin to modify a written executory contract,[10] the requirements of sec. 240.08, Stats., would be satisfied as to the extension agreement by referring back to the recitation of the original consideration in the basic option of March 13th.

This would be true if the same consideration were contemplated for the extension as for the original option. But the extension was grounded on new consideration and to meet the requirements of the statute of frauds that new consideration should be recited in the new agreement.

As pleaded, the instant case does not involve, as respondent contends, a continuing offer to sell, founded on consideration which offer is extended and is finally accepted thus becoming a binding contract as to both parties and barring a third party claiming on the basis of a later contract with the seller. The distinction is that here there is an agreement that bound the seller to convey the property to Peterson if Peterson exercised his option and there is an agreement for an extension of the option. Insofar as the statute of frauds is concerned this agreement is based on consideration and is an option agreement which involves an interest in land and must meet the requirements of the statute.

[10] *Black Eagle Oil Co. v. Globe Oil & Refining Co.* (1958), 3 Wis. (2d) 340, 88 N. W. (2d) 684; *Miller v. Stanich* (1930), 202 Wis. 539, 230 N. W. 47, 233 N. W. 753.

454

*Estoppel.*

Nevertheless, Bratt is estopped from invoking the statute of frauds.[11] Estoppel consists of action or non-action on the part of the one against whom the estoppel is asserted (Schnell-Bratt), which induces reliance by another (Peterson), either in the form of action or non-action, to the detriment of the latter (Peterson).[12] Under the facts set forth in the pleadings, the Schnells would be estopped, at least at this stage of the proceedings, from claiming that the June 21st extension did not meet the requirements of sec. 240.08, Stats. This is because the pleadings show that respondent, by refraining from exercising the March 13th option within the time provided so that the Schnells would have time to investigate the tax ramifications, was induced not to act to his detriment.

Where a purchaser (Bratt) has knowledge of facts which would give rise to an estoppel against his grantor (Schnell), estoppel may likewise be asserted against him.[13] As was said in an early case:

" 'A man will be bound by that which would have bound those under whom he claims, *quoad* the subject matter of the claim; for *qui sentit commodum sentire debet et onus;* and no man can, except in certain cases which are regulated by the statute law and the law merchant, transfer to another a better right than he himself possesses; the grantee shall not be in a better position than he who made the grant; and therefore privies in

[11] *Pick Foundry, Inc., v. General Door Mfg. Co.* (1952), 262 Wis. 311, 319, 55 N. W. (2d) 407; *Beranek v. Gohr* (1951), 260 Wis. 282, 287, 50 N. W. (2d) 459; *Knauf & Tesch Co. v. Elkhart Lake Sand & Gravel Co.* (1913), 153 Wis. 306, 316, 141 N. W. 701.

[12] *Estate of Helgert* (1966), 29 Wis. (2d) 452, 460, 139 N. W. (2d) 81; *City of Milwaukee v. Milwaukee County* (1965), 27 Wis. (2d) 53, 66, 133 N. W. (2d) 393.

[13] *Moran v. Burmeister* (1933), 211 Wis. 669, 677, 247 N. W. 873. To the same effect see 19 Am. Jur., Estoppel, p. 815, sec. 158.

blood, law and estate shall be bound by and take advantage of estoppels.' Broom's Legal Maxims, 452 (marg. p. 536.)" [14]

Consequently appellant will be estopped from raising the statute of frauds as a defense if it is established at the trial that he was aware of all the underlying circumstances which gave rise to the June 21st extension.

Appellant argues, however, that respondent cannot invoke the estoppel defense because there is no specific allegation in the answer that Bratt was aware of these attendant details. But the failure to allege knowledge is not fatal for the reason that under the circumstances it is merely one element which must be proved to establish estoppel which was expressly pleaded. Knowledge has thus been indirectly alleged.

### Vagueness.

Appellant also contends that the option is void because it is too vague and indefinite. Assuming without deciding that there may well be certain ambiguities in the option, a reading of the document discloses detail sufficient to withstand an assault by demurrer. The trial court is in a much better position to resolve this problem. [15]

*By the Court.*—Order affirmed.

CURRIE, C. J. (*concurring*). There would be no statute of frauds problem here if Schnell had continued as owner and had not sold to Bratt after the date on which the option extension was entered into. Except for this it would have been immaterial whether the option extension was sufficient under the statute of frauds to create an interest in land. Even without any consideration it

[14] *Pfeifer v. Sheboygan & Fond du Lac R. Co.* (1864), 18 Wis. 164, 167 (*155, *158).

[15] See *Boek v. Wagner* (1957), 1 Wis. (2d) 337, 83 N. W. (2d) 916.

would have constituted a revocable continuing offer to sell and Peterson's written acceptance of the offer within the extension period would have resulted in a binding contract of purchase and sale. The original option, the extension agreement, and the written acceptance together would constitute a contract which would meet all the requirements of the statute of frauds. It is a well-accepted rule that the memorandum required by the statute of frauds may consist of several writings.[1]

Bratt took title with notice of the original option and the option extension. However, as such a purchaser with notice, absent estoppel, he would not be bound by an outstanding written offer of Schnell to sell to Peterson unless such offer had status as an option so as to create an interest in the land. Notice by the purchaser of an instrument or claim which does not create at least an equitable interest in the land does not prevent him from being a *bona fide* purchaser.[2] This is why it is necessary to consider the issue of whether the option extension agreement was void under the statute of frauds as an option, even though good under contract law as a continuing unrevoked offer to sell.

I am authorized to state that Mr. Justice BEILFUSS joins in this concurring opinion.

---

[1] *Kovarik v. Vesely* (1958), 3 Wis. (2d) 573, 580, 89 N. W. (2d) 279; *Kelly v. Sullivan* (1947), 252 Wis. 52, 57, 30 N. W. (2d) 209; Restatement, 1 Contracts, p. 283, sec. 208; 2 Williston, Contracts (rev. ed.), p. 1669, sec. 580; and 2 Corbin, Contracts, p. 744, sec. 512.

[2] *Browne v. King* (1921), 111 Tex. 330, 235 S. W. 522; 92 C. J. S., Vendor & Purchaser, p. 292, sec. 353.